UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MOU SI CHEN and XIANG LAN CHEN,                         :
                                                        :
                                                        :
                              Plaintiffs,               :    Case No. 12-cv-1146 (AKH) (FM)
                                                        :
              -against-                                 :
                                                        :
AMOR RESTAURANT GROUP INC. (d/b/a                       :
CHINATOWN EAST), BEYOND ASIAN                           :
RESTAURANT INC. (d/b/a CHINATOWN EAST),                 :
YUN LIN CHEN (a/k/a KANGDI), YU ZHEN LI,                :
JIMMY CHEN and JESSICA CHEN,                            :
                                                        :
                              Defendants.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


### MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS BY DEFENDANTS AMOR RESTAURANT GROUP INC. (d/b/a CHINATOWN EAST), YUN LIN CHEN AND JIMMY CHEN




MOSES & SINGER LLP
405 Lexington Avenue
New York, New York 10174
(212) 554-7800

*Attorneys for Defendants Amor Restaurant Group Inc. (d/b/a Chinatown East), Yun Lin Chen and Jimmy Chen*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..............................................................................................ii

TABLE OF CONTENTS LISTING ALL AFFIDAVITS AND EXHIBITS IN
ACCORDANCE WITH RULE 2.B OF THE INDIVIDUAL RULES OF THE
HONORABLE ALVIN K. HELLERSTEIN, U.S. DISTRICT JUDGE............................iv

PRELIMINARY STATEMENT ......................................................................................1

STATEMENT OF FACTS ..............................................................................................1

    A.    Amor Restaurant Group Inc. .....................................................................2

    B.    Chinatown East.........................................................................................2

    C.    Sale Of Chinatown East To Beyond Asian Restaurant Inc. .......................4

ARGUMENT ..................................................................................................................6

I.     PLAINTIFFS' CLAIMS UNDER THE FLSA SHOULD BE DISMISSED ......................6

    A.    Legal Standard...........................................................................................6

    B.    The Complaint Makes Clear That Plaintiffs' Federal Claims Are
           Time-Barred By The Applicable Statute Of Limitations Under The
           FLSA ........................................................................................................7

    C.    The Amor Defendants' Affidavits And Exhibits Show That Amor
           and Beyond Are Separate And Distinct Corporate Entities,
           Establishing That There Is No Successor Liability In This Case ..............8

           1.    Beyond Did Not Assume Amor's Liabilities .............................9

           2.    The Incorporation Of Beyond And Sale of Chinatown East Were
               Not Undertaken To Defraud Creditors ...................................10

           3.    There Was No Merger Of Amor And Beyond .......................11

           4.    Beyond Is Not A Mere Continuation Of Amor .....................14

II.    PLAINTIFFS' STATE LAW CLAIMS AGAINST THE AMOR
      DEFENDANTS SHOULD BE DISMISSED........................................................15

CONCLUSION ..............................................................................................................16

# TABLE OF AUTHORITIES

CASES                                                                                    Page(s)

Ametex Fabrics, Inc. v. Just In Materials, Inc.,
    140 F.3d 101 (2d Cir. 1998) ............................................................................................ 15

Ashcroft v. Iqbal,
    556 U.S. 662, 129 S.Ct. 1937 (2009) ................................................................................ 6

Barnes v. CCH Corp. Sys.,
    No. 01 Civ. 2575 (AKH), 2004 WL 1516791 (S.D.N.Y. July 7, 2004) ............................. 15

Bell Atl., Corp. v. Twombly,
    550 U.S. 544, 127 S.Ct. 1955 (2007) ................................................................................ 6

Braheney v. Town of Wallingford,
    No. 3:00 Civ. 2468 (CFD), 2004 WL 721834 (D.Conn. Mar. 30, 2004) ........................... 15

Cargo Partner AG v. Albatrans, Inc.,
    352 F.3d 41 (2d Cir. 2003) ........................................................................................... 9, 11

Carnegie-Mellon University v. Cohill,
    484 U.S. 343, 108 S.Ct. 614 (1988) ................................................................................ 15

Cortec Indus., Inc. v. Sum Holding, L.P.,
    949 F.2d 42 (2d Cir. 1991) ............................................................................................ 7, 8

DeJesus v. Sears, Roebuck & Co.,
    87 F.3d 65 (2d Cir. 1996) .............................................................................................. 6, 9

Diaz v. S. Bend Lathe, Inc.,
    707 F. Supp. 97 (E.D.N.Y.1989) ..................................................................................... 14

Gould v. Berk & Michaels, P.C.,
    No. 89 CIV. 5036 (SWK), 1990 WL 41706 (S.D.N.Y. Apr. 5, 1990) ................................. 7

Hirsch v. Arthur Andersen & Co.,
    72 F.3d 1085 (2d Cir. 1995) .............................................................................................. 7

In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.,
    No. 00 Civ. 1898 (SAS), 2008 WL 3163634 (S.D.N.Y. Aug.6, 2008) ............................... 9

In re N.Y. City Asbestos Litig.,
    15 A.D.3d 254, 789 N.Y.S.2d 484 (1st Dep't 2005) ....................................................... 11

Jablon v. Dean Witter & Co.,
    614 F.2d 677 (9th Cir.1980) ................................................................. 7

McLaughlin v. Richland Shoe Co.,
    486 U.S. 128, 108 S.Ct. 1677 (1988).................................................... 7

New York v. Nat'l Serv. Indus. Inc.,
    460 F.3d 201 (2d Cir. 2006)................................................................. 9

Spear v. Town of West Hartford,
    771 F. Supp. 521 (D.Conn. 1991), *aff'd*, 954 F.2d 63 (2d Cir.), *cert. denied*, 506 U.S.
    819, 113 S.Ct. 66, 121 L.Ed.2d 33 (1992) ........................................ 15

Vasquez v. Ranieri Cheese Corp,
    No. 07-CV-464-ENV-VVP, 2010 WL 1223606 (E.D.N.Y. Mar. 26, 2010) ........ 10, 11, 12, 13

**FEDERAL STATUTES**

28 U.S.C. § 1367(c)(3) ........................................................................ 15

29 U.S.C. § 255(a)............................................................................... 7

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(6) ................................................................1, 7, 8, 9

Fed. R. Civ. P. 56 ................................................................................ 7

**SECONDARY AUTHORITIES**

2 *Moore's Federal Practice*, § 12.34[2] (Matthew Bender 3d Ed. 2012) ................ 7, 8

**TABLE OF CONTENTS LISTING ALL AFFIDAVITS AND EXHIBITS IN
ACCORDANCE WITH RULE 2.B OF THE INDIVIDUAL RULES OF THE
<u>HONORABLE ALVIN K. HELLERSTEIN, U.S. DISTRICT JUDGE</u>**

I.      Affidavit of Yun Lin Chen

   (i)      New York State Department of State, Division of Corporations'
            Record for Amor Restaurant Group Inc ....................................................... Exhibit A

   (ii)     Bill of Sale, Contract for Sale of Business, Escrow Agreement and
            Receipt, Corporate Resolution, and Telephone Number Authorization .......... Exhibit B

   (iii)    Closing Statement, Business Closing Statement, Checks from Yu
            Zhen Li to Amor Restaurant Group Inc. and Amor Restaurant
            Group Inc's Attorney................................................................................. Exhibit C

   (iv)     Assignment and Assumption of Lease ......................................... Exhibit D

   (v)      New York State Department of State, Division of Corporations'
            Record for Beyond Asian Restaurant Inc. .....................................Exhibit E

   (vi)     Judgment of Divorce .................................................................Exhibit F

II.     Affidavit of Jimmy Chen

## PRELIMINARY STATEMENT

Defendants Amor Restaurant Group Inc. (d/b/a Chinatown East) ("Amor"), Yun Lin Chen and Jimmy Chen (collectively, "Amor Defendants") move to dismiss the Complaint filed by and on behalf of Plaintiffs Mou Si Chen and Xiang Lan Chen (collectively, "Plaintiffs") for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that it is barred by the applicable statute of limitations under the Fair Labor Standards Act ("FLSA").

This lawsuit arises out of the employment of Plaintiffs Mou Si Chen and Xiang Lan Chen at a restaurant that used to be owned and operated by the Amor Defendants, but is now owned and operated by Beyond Asian Restaurant Inc. ("Beyond").   Plaintiffs filed their Complaint on February 14, 2012 against both the Amor Defendants and Beyond, Yu Zhen Li and Jessica Chen (collectively, "Beyond Asian Restaurant Defendants"), for alleged violations of federal and state wage and hour laws and regulations.

As discussed in detail below, this Complaint was filed more than three years after Amor's sale of the restaurant to Beyond on January 22, 2009.  Thus, it is evident from the face of the Complaint and documentation upon which the Complaint was based, that Plaintiffs' FLSA claims against the Amor Defendants are time-barred.   As a result, the Court also should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims against the Amor Defendants.

## STATEMENT OF FACTS

As discussed above, this lawsuit arises out of the employment of Plaintiffs Mou Si Chen and Xiang Lan Chen at a restaurant located at 1650 Third Avenue, New York, New York 10128. (Yun Lin Chen Aff.[1], ¶ 9; Jimmy Chen Aff.,[2] ¶ 8.)  Plaintiff Mou Si Chen was employed as a

---

[1]  "Yun Lin Chen Aff." refers to the Affidavit of Yun Lin Chen, sworn to on April 20, 2012.

delivery person from approximately 2006 until approximately 2011.  (Complaint,[3] ¶ 8.)  Plaintiff
Xiang Lan Chen was employed as a server in early 2009.  (*Id.*, ¶ 9.)

On February 14, 2012, Plaintiffs filed a complaint against both the Amor Defendants and
the Beyond Asian Restaurant Defendants for alleged violations of federal and state wage and
hour laws and regulations.  (*See id.*, ¶¶ 88-123.)

## A.   <u>Amor Restaurant Group Inc.</u>

Amor owned the restaurant that it named Chinatown East from January 15, 1994 until its
sale on January 22, 2009.  (Yun Lin Chen Aff., ¶¶ 10, 11, 16; Jimmy Chen Aff., ¶ 14.)  Amor
was incorporated on September 28, 1993 for the sole purpose of operating Chinatown East.
(Yun Lin Chen Aff., ¶¶ 3, 9, Ex. A; Jimmy Chen Aff., ¶¶ 3, 8.)  When Amor was incorporated, it
had five shareholders, including Yun Lin Chen, who each owned twenty percent of Amor's
stock. (Yun Lin Chen Aff., ¶ 4.)  Amor's principal office was located at 1650 Third Avenue,
New York, New York 10128.  (Yun Lin Chen Aff., ¶ 5; Jimmy Chen Aff., ¶ 5.)

From 2002 until its dissolution on August 25, 2009, Yun Lin Chen was the President of
Amor and his son, Jimmy Chen, was the Chairman/Chief Executive Officer, Vice President and
Secretary.  (Yun Lin Chen Aff., ¶¶ 1, 3, 6; Jimmy Chen Aff., ¶¶ 1, 3, 4.)  Yun Lin Chen's
daughter, Jessica Chen, and his former wife, Yu Zhen Li, did not have any involvement in Amor
as officers, directors or shareholders.  (Yun Lin Chen Aff., ¶¶ 7-8; Jimmy Chen Aff., ¶¶ 6-7.)

## B.   <u>Chinatown East</u>

On January 1, 1994, Amor entered into a lease for 1650 Third Avenue, New York, New
York 10128 for the term of twelve years to commence on January 15, 1994, and ending

---

[2]   Jimmy Chen Aff. refers to the Affidavit of Jimmy Chen, sworn to on April 20, 2012.

[3]   "Complaint" refers to the complaint filed by Mou Si Chen and Xiang Lan Chen against the Amor Defendants, as
well as the Beyond Asian Restaurant Defendants, dated February 14, 2012.

December 31, 2005 (the "1994 Lease").  (Yun Lin Chen Aff., ¶ 10.)  On or about November 21,

2003, the 1994 Lease was extended for a period of eight years by the "First Amendment to

Lease." (*Id*.)

Shortly after the 1994 Lease was executed, Amor began operating Chinatown East.  (*Id*.,

¶ 11.)  Initially, Yun Lin Chen was the head of delivery services.  (*Id*.)  Beginning in or around

2002, when Yun Lin Chen became President of Amor, his responsibilities at Chinatown East

increased. (Yun Lin Chen Aff., ¶ 11; Jimmy Chen Aff., ¶ 10.)   He continued to manage delivery

services, but also now had the authority to hire and fire employees, determine their rates and

methods of compensation, set work schedules, maintain employee records, and set the terms and

conditions of each employee's employment.  (Yun Lin Chen Aff., ¶ 11; Jimmy Chen Aff., ¶ 10.)

Jimmy Chen did not play a role in Amor or Chinatown East until 2002.  (Yun Lin Chen

Aff., ¶ 12; Jimmy Chen Aff., ¶ 9.)  Beginning in 2002, Jimmy Chen became Chairman/Chief

Executive Officer, Vice President and Secretary of Amor.  Also at this time, he became a

manager at Chinatown East.  (Yun Lin Chen Aff., ¶ 12; Jimmy Chen Aff., ¶ 9.)  As a manager,

he had the authority to hire and fire employees, determine their rates and methods of

compensation, set work schedules, maintain employee records, and set the terms and conditions

of each employee's employment.  (Yun Lin Chen Aff., ¶ 12; Jimmy Chen Aff., ¶ 9.)

Yu Zhen Li's only role at Chinatown East during Amor's operation was to package food.

(Yun Lin Chen Aff., ¶ 13; Jimmy Chen Aff., ¶ 11.)  She did not have any managerial

responsibilities.  (*Id*.) She did not have the authority to hire and fire employees, determine

employees' rates or methods of compensation, set employee work schedules, maintain employee

records or set the terms and conditions of each employee's employment.  (Yun Lin Chen Aff., ¶

13; Jimmy Chen Aff., ¶ 11.)

Jessica Chen's only role at Chinatown East during Amor's operation was as a cashier. (Yun Lin Chen Aff., ¶ 14; Jimmy Chen Aff., ¶ 12.)  She did not have any managerial responsibilities.  (Yun Lin Chen Aff., ¶ 14; Jimmy Chen Aff., ¶ 12.)  She did not have the authority to hire and fire employees, determine employees' rates or methods of compensation, set employee work schedules, maintain employee records or set the terms and conditions of each employee's employment.  (Yun Lin Chen Aff., ¶ 14; Jimmy Chen Aff., ¶ 12.)

**C.**     **Sale Of Chinatown East To Beyond Asian Restaurant Inc.**

In or about 2008, Amor decided that it wanted to sell Chinatown East.  (Yun Lin Chen Aff., ¶ 15; Jimmy Chen Aff., ¶ 13.)  The main reason for this sale was that Jimmy Chen no longer wanted to work at Chinatown East and instead wanted to pursue running his own business, Kumo Restaurant.  (Yun Lin Chen Aff., ¶ 15; Jimmy Chen Aff., ¶ 13.)  In addition, Yun Lin Chen no longer wanted to manage Chinatown East.  (Yun Lin Chen Aff., ¶ 15; Jimmy Chen Aff., ¶ 13.)

On January 22, 2009, Amor effectuated the sale of Chinatown East to Beyond.  (Yun Lin Chen Aff., ¶ 16, Ex. B; Jimmy Chen Aff., ¶ 14.)  The transaction documents were executed in New York.  (*See* Yun Lin Chen Aff., Ex. B.)  This sale occurred more than three years before the Complaint in the instant action was filed.  (Yun Lin Chen Aff., ¶ 16; Jimmy Chen Aff., ¶ 14.)

Beyond purchased Chinatown East for $104,941.21.  (Yun Lin Chen Aff., ¶ 17, Ex. C; Jimmy Chen Aff., ¶ 15.)  Amor and Beyond were represented by different attorneys from different law offices.  (Yun Lin Chen Aff., ¶ 17, Ex. C; Jimmy Chen Aff., ¶ 15.)

As part of this transaction, the lease for 1650 Third Avenue was transferred from Amor to Beyond.  (Yun Lin Chen Aff., ¶ 18, Ex. D; Jimmy Chen Aff., ¶ 16.)  Other than the Lease for

1650 Third Avenue, Beyond did not assume any obligations of Amor.  (Yun Lin Chen Aff., ¶ 19, Ex. B; Jimmy Chen Aff., ¶ 17.)

As a result of the purchase of Chinatown East, ownership was transferred from Amor to Beyond.  (Yun Lin Chen Aff., ¶ 20.)  Following the purchase, Beyond changed the name of the restaurant to Chinatown Restaurant, and changed the restaurant's sign to reflect the name change.  (*Id.*)  In addition, Beyond changed the cuisine the restaurant offered and updated the menus to reflect that change.  (*Id.*)  Shortly after its purchase, Beyond made extensive structural and decorative renovations to the dining area at 1650 Third Avenue amounting to over $10,000.00.  (*Id.*)

Amor and Beyond are entirely separate and distinct corporate entities.  (Yun Lin Chen Aff., ¶ 21; Jimmy Chen Aff., ¶ 18.)  Beyond was incorporated on or about January 14, 2009.  (Yun Lin Chen Aff., ¶ 22, Ex. E; Jimmy Chen Aff.¶ 19.)  Yu Zhen Li incorporated Beyond because she wanted to purchase Chinatown East.  (Yun Lin Chen Aff., ¶ 23; Jimmy Chen Aff.¶ 20.)  Yu Zhen Li owns one hundred percent of Beyond's stock.  (Yun Lin Chen Aff., ¶ 23.)  Yun Lin Chen and Jimmy Chen do not have any involvement in Beyond as officers, directors or shareholders.  (Yun Lin Chen Aff., ¶¶ 24-25; Jimmy Chen Aff., ¶ 21.)

Yun Lin Chen and Yu Zhen Li were divorced on December 15, 2000, which predates the sale of Chinatown East by more than eight years.  (Yun Lin Chen Aff., ¶ 26, Ex. F.) Yun Lin Chen and Yu Zhen Li maintain separate residences and bank accounts.  (*Id.*, ¶¶ 27-28.)

Since Amor's sale of Chinatown East to Beyond, Yun Lin Chen no longer has any managerial responsibility or involvement, but has remained in charge of deliveries.  (*Id.*, ¶ 29.) He no longer has the authority to hire and fire employees, determine their rates and methods of

compensation, set employee work schedules, maintain employee records or set the terms and conditions of each employee's employment.  (*Id.*)

Jimmy Chen left Chinatown East to run his own restaurant.  (*Id.*, ¶ 30.)  Since the sale, Jimmy Chen is not in any way associated with, employed by or involved in any capacity with Beyond or Chinatown Restaurant.  (Yun Lin Chen Aff., ¶ 30; Jimmy Chen Aff., ¶ 21.)

Yu Zhen Li assumed managerial responsibilities for Chinatown Restaurant.  (Yun Lin Chen Aff., ¶ 31.)  She has the authority to hire and fire employees, determine their rates and methods of compensation, set employee work schedules, maintain employee records and set the terms and conditions of each employee's employment.  (*Id.*)

Jessica Chen also assumed managerial responsibilities for Chinatown Restaurant.  (*Id.*, ¶ 32.)  She has the authority to hire and fire employees, determine their rates and methods of compensation, set employee work schedules, maintain employee records and set the terms and conditions of each employee's employment.  (*Id.*)

**ARGUMENT**

**I.**  **PLAINTIFFS' CLAIMS UNDER THE FLSA SHOULD BE DISMISSED**

**A.**  **Legal Standard**

In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*, 129 S.Ct. at 1949.  A court need not accept as true conclusory allegations unsupported by factual assertions made by a claimant.  *DeJesus v. Sears. Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996).

"In assessing a statute of limitations defense on a motion to dismiss, this Court must first ascertain whether the running of the statute is apparent from the face of the complaint." *Gould v. Berk & Michaels, P.C.*, No. 89 CIV. 5036 (SWK), 1990 WL 41706, at *4 (S.D.N.Y. Apr. 5, 1990) (*citing Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).  In addition to the facts alleged in the complaint, the court may consider documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice, including public records.  *See* 2 *Moore's Federal Practice*, § 12.34[2] (Matthew Bender 3d Ed. 2012); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088, 1092 (2d Cir. 1995) (court may consider all papers appended as well as matters of judicial notice); *Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (if plaintiff's claims are predicated on a document, defendant may attach the document to a Fed. R. Civ. P. 12(b)(6) motion even if plaintiff's complaint does not explicitly refer to it).  The Court may also, in its discretion, "consider affidavits or other matters outside the pleadings, and may consequently treat the motion as one for summary judgment." *Gould*, 1990 WL 41706, at *4 (citing Fed. R. Civ. P. 56 and holding that the issue of statute of limitations was best resolved by examination of all of the materials available to the court, including the exhibits and affidavits submitted in connection with defendant's motion to dismiss).

**B.**     **The Complaint Makes Clear That Plaintiffs' Federal Claims Are Time-Barred By The Applicable Statute Of Limitations Under The FLSA**

Under 29 U.S.C. § 255(a) of the FLSA, the statute of limitations bars claims arising more than two years after "the cause of action accrued" unless the cause of action arises out of a willful violation, in which case a three-year period applies.  *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677 (1988).

Even taking the allegations of the Complaint as true, Plaintiffs' FLSA claims against the Amor Defendants are legally defective and should be dismissed.  Plaintiffs filed their Complaint on February 14, 2012.  (*See* Complaint.)  Assuming, *arguendo*, that Plaintiffs can prove that there were FLSA violations and those alleged violations were willful, Plaintiffs can only recover damages for claims arising on or after February 14, 2009.  It is clear from the face of the Complaint that ownership of Chinatown East was transferred from Amor to Beyond in 2009.  (Complaint, ¶ 2.)  While Plaintiffs do not state the basis for this fact, the courts may consider documents incorporated by reference in the pleadings.  *See* 2 *Moore's Federal Practice*, § 12.34[2] (Matthew Bender 3d Ed. 2012); *see also Cortec Indus., Inc.* 949 F.2d 42 at 47 (if plaintiff's claims are predicated on a document, defendant may attach the document to a Fed. R. Civ. P. 12(b)(6) motion even if plaintiff's complaint does not explicitly refer to it).  As demonstrated by the transaction documents associated with Amor's sale of Chinatown East to Beyond, the sale was effectuated on January 22, 2009.  (Yun Lin Chen Aff., ¶¶ 16-18, Exs. B, C and D; Jimmy Chen Aff., ¶¶ 14-16.)  Thus, Plaintiffs' federal claims against the Amor Defendants are time-barred.

**C.    The Amor Defendants' Affidavits And Exhibits Show That Amor And Beyond Are Separate And Distinct Corporate Entities, Establishing That There Is No Successor Liability In This Case**

Plaintiffs claim that Beyond "is liable as a successor to [Amor] because the corporation's actual ownership, business, management, workforce, equipment, products and services did not change after this transfer" (Complaint, ¶ 2), and that Beyond "is liable as a successor to [Amor] and is responsible for any and all claims against Chinatown East or [Amor] as it continues to operate the same business with the same management, workforce, equipment and services" (Complaint, ¶ 19).  Plaintiffs do not purport to claim that Amor should be liable for any alleged wrongdoing by Beyond.  Plaintiffs' claims of successor liability are insufficient to overcome a

motion to dismiss because they are wholly conclusory and unsupported by any facts.  *See DeJesus*, 87 F.3d at 70 ("A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6).") (citations omitted).

In any event, Yun Lin Chen and Jimmy Chen's affidavits and the exhibits annexed thereto unequivocally establish that Amor and Beyond are completely separate and distinct corporate entities.  Generally, under New York and common law, a corporation that purchases the assets of another is not liable for the selling corporation's liabilities.  *See New York v. Nat'l Serv. Indus. Inc.,* 460 F.3d 201, 209 (2d Cir. 2006) ("Under both New York law and traditional common law, a corporation that purchases the assets of another corporation is generally not liable for the seller's liabilities.").  This general rule extends broadly to all debts and obligations. *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, No. 00 Civ. 1898 (SAS), 2008 WL 3163634, at *3 n. 29 (S.D.N.Y. Aug.6, 2008).

A buyer of a corporation's assets will be liable as its successor only if: (1) the buyer assumes the seller's liability, (2) the transaction is undertaken to defraud creditors; (3) the buyer *de facto* merges with the seller; and (4) the buyer is a mere continuation of the seller.  *See Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 45 (2d Cir. 2003); *Nat'l Serv. Indus. Inc.*, 460 F.3d at 209.  Here, none of these factors are present.

### 1.    <u>Beyond Did Not Assume Amor's Liabilities</u>

First, Plaintiffs cannot establish that Beyond assumed Amor's liabilities.  With the exception of the lease for 1650 Third Avenue, which was necessary for Beyond's operation of the restaurant, Beyond did not assume any obligations of Amor.  (Yun Lin Chen Aff., ¶ 19, Ex. B; Jimmy Chen Aff., ¶ 17.)  In fact, the Contract of Sale for Chinatown East shows that Amor had no creditors.  (*See* Yun Lin Chen Aff., Ex. B.)  While the transaction documents for the January 22, 2009 sale of Chinatown East do not contain an express disclaimer of liability, there

is also no express assumption of liability.  *See Vasquez v. Ranieri Cheese Corp*, No. 07-CV-464-ENV-VVP, 2010 WL 1223606, at *11 (E.D.N.Y. Mar. 26, 2010) (finding no evidence of assumption of liability where there was neither an express disclaimer or assumption).  In addition, the transaction documents were executed in New York, and in New York there is a presumption that a corporation that purchases the assets of another corporation is generally not liable for the selling corporation's liabilities.  *Id.*

      **2.**     **The Incorporation Of Beyond And Sale Of Chinatown East Were Not Undertaken To Defraud Creditors**

Second, Plaintiffs cannot establish that the incorporation of Beyond or the sale of Chinatown East were undertaken to defraud creditors.  As discussed above, the Contract of Sale shows that Amor had no creditors.  (*See* Yun Lin Chen Aff., Ex. B.)  Nor can Plaintiffs show that Beyond was formed fraudulently for the purpose of evading Amor's obligations under the FLSA, New York labor law, or any other law, or that the sale of Chinatown East was completed for insufficient consideration, giving rise to an interference that the transfer was not a product of an arms-length negotiation.  *See Vasquez*, 2010 WL 1223606, at * 15.  Beyond's incorporation and the sale of Chinatown East were effectuated more than three years prior to Plaintiffs' filing of the Complaint.  (Yun Lin Chen Aff., ¶ 16, Ex. B; Jimmy Chen Aff., ¶ 14.)  Beyond paid Amor more than $100,000.00 for the restaurant.  (Yun Lin Chen Aff., ¶ 17, Ex. C; Jimmy Chen Aff., ¶ 15.)  The corporations were represented by different attorneys from different law firms.  (Yun Lin Chen Aff., ¶ 17, Ex. C; Jimmy Chen Aff., ¶ 15.)  In addition, Yun Lin Chen and Yu Zhen Li's divorce occurred more than eight years prior to the sale and more than eleven years prior to the filing of the Complaint.  (Yun Lin Chen Aff., ¶ 26, Ex. F.)  Yun Lin Chen and Yu Zhen Li maintain separate residences and separate bank accounts.  (Yun Lin Chen Aff., ¶¶ 27-28.)  There

is simply no justification in arguing that Beyond's incorporation or purchase of Chinatown East were anything other than legitimate transactions.

### 3.   There Was No Merger of Amor And Beyond

"A *de facto* merger occurs when a transaction, although not in the form of a merger, is in substance a consolidation or merger of seller and purchaser." *Cargo Partner AG*, 352 F.3d at 45 (internal citation omitted).  Courts applying New York law have considered four traditional common law factors in analyzing whether a *de facto* merger has occurred: (1) continuity of ownership; (2) continuity of management; (3) a dissolution of the selling corporation soon after the transaction; and (4) the assumption of liabilities necessary to the uninterrupted continuation of the business by the purchaser.  *In re N.Y. City Asbestos Litig.*, 15 A.D.3d 254, 256, 789 N.Y.S.2d 484, 486 (1st Dep't 2005) (affirming lower court's holding that there was no *de facto* merger between buyer and seller); *Cargo Partner AG*, 352 F.3d at 46 (holding that purchasing corporation was not liable under New York law for debts of selling corporation under *de facto* merger doctrine).

Most important, is that there is no continuity of ownership.  The Second Circuit has held that under New York's *de facto* merger doctrine, absent continuity of ownership, a corporation that purchases the assets of another corporation is not liable for the seller's debts.  *See Cargo Partner AG*, 352 F.3d at 46-47 (stating that "continuity of ownership is the essence of a merger").

> This rule has been applied even where the purchasing company continued operations in the same plant, with continued management, and even some continuity of shareholders. The continuity of ownership factor looks to whether the predecessor company's shareholders become, at the time of the asset sale, shareholders of the successor corporation.  In harmony with this legal theory, courts have also held that there is no continuity of ownership where assets are purchased solely with cash.  In other

> words, while other markers may be in the mix, continuity of
> ownership is the essential ingredient.

*Vasquez*, 2010 WL 1223606, at *13 (holding that continuity of ownership was absent) (citations omitted).

Here, there was absolutely no continuity of ownership between Amor and Beyond.  Yu Zhen Li was not one of the five shareholders of Amor and always has owned 100% of Beyond's stock.  (Yun Lin Chen Aff., ¶¶ 4, 8, 23; Jimmy Chen Aff., ¶ 7.) While Yun Lin Chen was a shareholder of Amor, he did and does not own any stock in Beyond.  (Yun Lin Chen Aff., ¶¶ 4, 23.) Moreover, as discussed above, Yun Lin Chen and Yu Zhen Li's divorce predated the sale of Chinatown East by more than eight years.  Yun Lin Chen and Yu Zhen Li live apart and have separate bank accounts.  (*Id.*, ¶¶ 26-27, Ex. F.)  In addition, the sale of Chinatown East was entirely a cash sale without any stock purchase options.  (Yun Lin Chen Aff., ¶ 17, Ex. C; Jimmy Chen Aff., ¶ 15.)

Nor was there any continuity of management.  During Amor's operation of Chinatown East, Yun Lin Chen and Jimmy Chen both had managerial responsibility.  (Yun Lin Chen Aff., ¶¶ 11-12; Jimmy Chen Aff., ¶¶ 9-10.) They had the authority to hire and fire employees, determine their rates and methods of compensation, set work schedules, maintain employee records, and set the terms and conditions of each employee's employment.  (Yun Lin Chen Aff., ¶¶ 11-12; Jimmy Chen Aff., ¶¶ 9-10.) Yu Zhen Li merely packaged food and Jessica Chen was a cashier.  (Yun Lin Chen Aff., ¶¶ 13-14; Jimmy Chen Aff., ¶¶ 11-12.) Yu Zhen Li and Jessica Chen had absolutely no managerial powers or responsibilities.  (Yun Lin Chen Aff., ¶¶ 13-14; Jimmy Chen Aff., ¶¶ 11-12.)   They did not have the authority to hire and fire employees, determine their rates and methods of compensation, set work schedules, maintain employee

records, or set the terms and conditions of each employee's employment. (Yun Lin Chen Aff., ¶¶ 13-14; Jimmy Chen Aff., ¶¶ 11-12.)

After Beyond's purchase of the restaurant located at 1650 Third Avenue, Jimmy Chen left the establishment entirely to pursue his own restaurant. (Yun Lin Chen Aff., ¶ 30.) Since the sale, he has not been in any way associated with, employed by or involved in any capacity with Beyond or Chinatown Restaurant. (Yun Lin Chen Aff., ¶ 30; Jimmy Chen Aff., ¶¶ 21.) Yun Lin Chen's responsibilities are limited to overseeing delivery services. (Yun Lin Chen Aff., ¶ 29.) He no longer has any managerial responsibility or involvement. (Yun Lin Chen Aff., ¶ 29.) He no longer has the authority to hire and fire employees, determine their rates and methods of compensation, set work schedules, maintain employee records, or set the terms and conditions of each employee's employment. (Yun Lin Chen Aff., ¶ 29.) In contrast, Yu Zhen Li and Jessica Chen assumed management responsibility. (Yun Lin Chen Aff., ¶¶ 31-32.) They now have the authority to and have hired and fired employees, determined their rates and methods of compensation, set work schedules, maintained employee records, and set the terms and conditions of each employee's employment. (Yun Lin Chen Aff., ¶¶ 31-32.)

The existence of some but not all of the four factors does not establish that a *de facto* merger occurred. *See Vasquez*, 2010 WL 1223606, at *12 (holding that there was no evidence of merger even though buyer and seller shared same management, personnel, general business operations and there was little time gap in operations). Thus, the fact that Amor was dissolved shortly after its sale of Chinatown East to Beyond (Yun Lin Chen Aff., ¶¶ 3, 9, Ex. A; Jimmy Chen Aff., ¶¶ 3, 8), does not establish a *de facto* merger where Amor was created for the sole purpose of running Chinatown East. Nor does the fact Beyond assumed Amor's lease and chose to immediately begin operating Chinatown East (Yun Lin Chen Aff., ¶ 18, Ex. D; Jimmy Chen

Aff., ¶ 16) show a *de facto* merger where Beyond immediately made changes to the cuisine, name and sign of the restaurant, as well as conducting extensive renovations costing more than $10,000.00.  (Yun Lin Chen Aff., ¶ 20.)

### 4.      Beyond Is Not A Mere Continuation Of Amor

Nor is Beyond a continuation of Amor.  *See Diaz v. S. Bend Lathe, Inc.*, 707 F. Supp. 97, 100 (E.D.N.Y.1989) (stating that the mere continuation exception contemplated a common identity of shareholders, directors and the existence of only one corporation after the transaction was completed).  While Amor was dissolved shortly after the sale of Chinatown East because its sole purpose was running Chinatown East (Yun Lin Chen Aff., ¶¶ 3, 9, 16; Jimmy Chen Aff., ¶¶ 3, 8, 14), Beyond has entirely different officers, directors and shareholders.  (Yun Lin Chen Aff., ¶¶ 1, 4, 6, 8, 23; Jimmy Chen Aff., ¶¶ 1, 4, 7.)

Moreover, Beyond's actions with respect to the operation of the restaurant demonstrate its separateness from Amor.  Following the purchase, Beyond changed the name of the restaurant to Chinatown Restaurant, and changed the restaurant's sign to reflect that name change.  (Yun Lin Chen Aff., ¶ 20.)  In addition, Beyond changed the cuisine offered by the restaurant and updated the menus to reflect that change.  (*Id.*)  Furthermore, Beyond made extensive structural and decorative renovations to the dining area at 1650 Third Avenue amounting to over $10,000.00.  (*Id.*)

Amor and Beyond are entirely separate and distinct corporate entities.  Amor, therefore, cannot possibly be liable for Beyond's actions and the statute of limitations still bars the FLSA claims against the Amor Defendants.

## II.    PLAINTIFFS' STATE LAW CLAIMS AGAINST THE AMOR DEFENDANTS SHOULD BE DISMISSED

"Under 28 U.S.C. § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction over a claim ... if the district court has dismissed all claims over which it has original jurisdiction." *Ametex Fabrics, Inc. v. Just In Materials, Inc.*, 140 F.3d 101, 105 (2d Cir. 1998). *See also Barnes v. CCH Corp. Sys.*, No. 01 Civ. 2575 (AKH), 2004 WL 1516791, at *8 (S.D.N.Y. July 7, 2004) (dismissing state law claims after summary judgment granted on all federal claims); *Braheney v. Town of Wallingford*, No. 3:00 Civ. 2468 (CFD), 2004 WL 721834, at *20-21 (D.Conn. Mar. 30, 2004) (declining to exercise supplemental jurisdiction over plaintiff's state law claims after court dismissed as a matter of law all federal claims over which it had original jurisdiction).  Although the district court may retain jurisdiction over the state law claims remaining after a dismissal, in the usual case in which all federal law claims are eliminated before trial, the factors of judicial economy, convenience, fairness, and comity will point to declining supplemental jurisdiction.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348, 108 S.Ct. 614, 618 (1988); *Spear v. Town of West Hartford*, 771 F. Supp. 521, 530 (D.Conn. 1991), *aff'd*, 954 F.2d 63 (2d Cir.), *cert. denied*, 506 U.S. 819, 113 S.Ct. 66, 121 L.Ed.2d 33 (1992).

As demonstrated above, the federal claims against the Amor Defendants should be dismissed in their entirety because they are barred by the applicable statute of limitations.  Considerations of judicial economy, convenience, fairness, and comity favor this Court's declining supplemental jurisdiction over the remaining state law against the Amor Defendants as well.

## CONCLUSION

For all of the foregoing reasons, the Amor Defendants respectfully request that this Court grant their Motion to Dismiss the Complaint against the Amor Defendants.

Dated:  April 20, 2012
         New York, New York

Respectfully submitted,

MOSES & SINGER LLP
*Attorneys for the Amor Defendants*


_____s/ David B. Feldman_____
David B. Feldman (DF6547)
Shari A. Alexander (SA0615)
405 Lexington Avenue, 12th Floor
New York, NY 10174-1299
212-554-7635 (telephone)
212-377-6068 (facsimile)
dfeldman@mosessinger.com
salexander@mosessinger.com