Jaculin Aaron
Jason M. Swergold
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY  10022-6069
Telephone: (212) 848-4000
Facsimile: (212) 848-7179
jaaron@shearman.com
jason.swergold@shearman.com

Steven R. Banks, Attorney-in-Chief
Adriene L. Holder, Attorney-in-Charge,
   Civil Practice
Karen Cacace, Supervising Attorney,
   Employment Law Unit
Aaron Halegua, Staff Attorney,
   Employment Law Unit
THE LEGAL AID SOCIETY
199 Water Street, 3rd Floor
New York, NY  10038
Telephone: (212) 577-3914
Facsimile: (646) 616-4578
AHalegua@legal-aid.org

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

MOU SI CHEN and XIANG LAN CHEN,

                                    Plaintiffs,

                    v.

AMOR RESTAURANT GROUP INC. (d/b/a
CHINATOWN EAST), BEYOND ASIAN
RESTAURANT INC. (d/b/a CHINATOWN
EAST), YUN LIN CHEN (a/k/a KANGDI),
YU ZHEN LI, JIMMY CHEN and JESSICA
CHEN,

                                    Defendants.

--------------------------------------------------------x

**Case No. 12-cv-1146 (AKH)(FM)**

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION TO
DEFENDANTS AMOR RESTAURANT GROUP INC.,
YUN LIN CHEN AND JIMMY CHEN'S MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

TABLE OF CONTENTS LISTING ALL AFFIDAVITS  IN ACCORDANCE WITH
 RULE 2.B OF THE INDIVIDUAL RULES  OF THE HONORABLE ALVIN K.
 HELLERSTEIN, U.S. DISTRICT JUDGE ......................................................... iv

PRELIMINARY STATEMENT .............................................................................. 1

PROCEDURAL HISTORY ...................................................................................... 3

STATEMENT OF FACTS ........................................................................................ 3

ARGUMENT .............................................................................................................. 5

I.   THE MOTION TO DISMISS SHOULD BE DENIED BECAUSE THE
     COMPLAINT FACIALLY DEMONSTRATES THE TIMELINESS OF
     PLAINTIFFS' CLAIMS AGAINST EACH OF THE MOVING DEFENDANTS............. 5

   A.   The Moving Defendants' Motion should be treated as a motion to dismiss. ................... 5

   B.   A statute of limitations defense should be plead as an affirmative defense. ..................... 6

   C.   The Motion should be denied because the Complaint states a plausible claim
        against each of the Moving Defendants within the FLSA's three-year statute of
        limitations period............................................................................................... 7

      1.   A statute of limitations period of at least three years applies to Plaintiffs' claims
           under the FLSA because Defendants' violations were willful..................................... 8

      2.   The Complaint alleges sufficient facts to make a plausible claim that Defendant
           Yun Lin Chen was Plaintiffs' employer within a three-year statute of limitations
           period.............................................................................................................. 9

      3.   The Complaint alleges sufficient facts to make a plausible claim that Defendant
           Jimmy Chen was Plaintiffs' employer within a three-year statute of limitations
           period.............................................................................................................. 10

      4.   The Complaint alleges sufficient facts to make a plausible claim that Defendant
           Amor was Plaintiffs' employer within a three-year statute of limitations period......... 11

II.  THE MOTION SHOULD BE DENIED BECAUSE THE PLAINTIFFS STATE
     CLAIMS AGAINST EACH MOVING DEFENDANT THAT ARE TIMELY
     UNDER PRINCIPLES OF EQUITABLE TOLLING. ...................................... 12

III.  IF DEFENDANTS' MOTION IS TREATED AS A MOTION FOR SUMMARY
      JUDGMENT, IT SHOULD STILL BE DENIED.............................................................. 14

   A.  Summary judgment is inappropriate because genuine disputes exist as to material
       facts concerning whether each of the Moving Defendants was an employer of
       Plaintiffs after February 14, 2009....................................................................... 14

       1.  There is a genuine dispute as to material facts concerning whether Defendant
           Yun Lin Chen was Plaintiffs' employer as defined by the FLSA after February
           14, 2009. ..................................................................................................... 15

       2.  A genuine dispute exists as to material facts concerning whether Defendants
           Jimmy Chen and Amor were Plaintiffs' employer as defined by the FLSA after
           February 14, 2009. ...................................................................................... 16

   B.  The Motion is premature because it was made prior to Plaintiffs having an
       opportunity to conduct discovery. ...................................................................... 17

CONCLUSION...................................................................................................................... 18

# TABLE OF AUTHORITIES

## CASES

*Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184 (S.D.N.Y. 2003)......................8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...........................................5

*Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41 (2d Cir. 2003) .................................11

*Falk v. Brennan*, 414 U.S. 190 (1973) ...........................................................7

*Harris v. City of New York*, 186 F.3d 243 (2d Cir. 1999) .......................................6

*Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94 (2d Cir. 2000)................14, 17

*Herman v. RSR Sec. Servs.*, 172 F.3d 132 (2d Cir. 1999)......................................7, 8

*Jiao v. Shi Ya Chen*, No. 03 Civ. 0165, 2007 WL 4944767 (S.D.N.Y. Mar. 30, 2007).................7

*Johnson v. Nyack Hosp.*, 86 F.3d 8 (2d Cir. 1996) ..............................................12

*Kramer v. Time Warner Inc.*, 937 F.2d 767 (2d Cir. 1991) .....................................5

*Mandarino v. Mandarino*, 180 F. App'x 258 (2d Cir. 2006)......................................13

*Padilla v. Manlapaz*, 643 F. Supp. 2d 302 (E.D.N.Y. 2009)......................................8

*Ramirez v. CSJ & Co., Inc.*, No. 06 Civ. 3677, 2007 WL 1040363
 (S.D.N.Y. Apr. 3, 2007)............................................................13

*Ramirez v. Rifkin*, 568 F. Supp. 2d 262 (E.D.N.Y. 2008).......................................12

*Rosen v. Trans World Airlines, Inc.*, No. 94 Civ. 0682, 1997 WL 107640
 (S.D.N.Y. Mar. 11, 1997) ............................................................17

*Roth v. Jennings*, 489 F.3d 499 (2d Cir. 2007) ................................................5

*In re S. African Apartheid Litig.*, 617 F. Supp. 2d 228 (S.D.N.Y. 2009) ..................6, 13

*Savino v. City of New York*, 331 F.3d 63 (2d Cir. 2003) ......................................14

*Sexton v. Franklin First Fin., Ltd.*, No. 08 Civ. 04950, 2009 WL 1706535
 (E.D.N.Y. June 16, 2009) ......................................................12, 13, 17

*Veltri v. Building Serv. 32B-J Pension Fund*, 393 F.3d 318 (2d Cir. 2004)................................12

*Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240 (S.D.N.Y. 2008) .....................................8, 12

*Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61 (2d Cir. 2003)........................................................7

## STATUTES, RULES AND REGULATIONS

29 C.F.R. § 516.4 ...............................................................................................................12

29 U.S.C. § 203(d) ...............................................................................................................7

29 U.S.C. § 255(a) ...............................................................................................................8

Fed. R. Civ. P. 12(b)(6)......................................................................................................1, 5

Fed. R. Civ. P. 56(a) ...........................................................................................................14

**TABLE OF CONTENTS LISTING ALL AFFIDAVITS
IN ACCORDANCE WITH RULE 2.B OF THE INDIVIDUAL RULES
OF THE HONORABLE ALVIN K. HELLERSTEIN, U.S. DISTRICT JUDGE**

I.      Declaration of Mou Si Chen

II.     Declaration of Xiang Lan Chen

III.    Declaration of Jason M. Swergold, Esq.

## PRELIMINARY STATEMENT

Mou Si Chen and Xiang Lan Chen ("Plaintiffs") respectfully submit this memorandum of law in opposition to the motion (the "Motion") of Defendants Amor Restaurant Group Inc., Yun Lin Chen and Jimmy Chen (collectively, the "Moving Defendants") to dismiss Plaintiffs' claims against them because the federal claims against them are allegedly time-barred.  ECF No. 8.

Plaintiffs Mou Si Chen and Xiang Lan Chen were employees at a restaurant located at 1650 Third Avenue, New York, New York ("Chinatown East" or the "restaurant") that was owned and operated by Defendants.  Plaintiffs have alleged numerous, and repeated violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") since 2006 by Defendants, including a failure to pay minimum wage, overtime, and spread of hours compensation, as well as illegal retaliation against Plaintiffs when they sought to enforce their rights.  The Defendants in this action consist of four family members who owned and operated the restaurant – Yun Lin Chen, Yu Zhen Li (his former wife) and their children, Jimmy Chen and Jessica Chen – as well as the two corporate entities that they used to operate the restaurant.  In support of their Motion, the Moving Defendants have submitted affidavits and documents alleging that they had transferred all ownership of the restaurant in January 2009 to Beyond Asian Restaurant Inc., Yu Zhen Li and Jessica Chen (the "Non-Moving Defendants") – in other words, from the father and son to the mother and sister – and therefore the federal law claims against the Moving Defendants are not timely.

The Motion should be denied for three reasons.  First, the Moving Defendants made this motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) and it should be treated as such.  In deciding such a motion, a complaint should not be dismissed on statute of limitations grounds unless it is clear from the face of the complaint that the claims are time-barred.

Plaintiffs, however, have alleged sufficient facts to demonstrate that the Moving Defendants were employers within the meaning of the FLSA at times within the limitations period.

Second, regardless of whether the Motion is treated as a motion to dismiss or one for summary judgment and *even if* the allegations in the Moving Defendants' affidavits are true, the Plaintiffs' claims are still timely as against the Moving Defendants under principles of equitable tolling.  Courts in the Second Circuit have held that an employer's failure to post the required notices about employees' rights in the workplace and failure to inform them of their rights is grounds for equitable tolling of the statute of limitations of the wage laws.  Moreover, these courts have correctly reasoned that it is inappropriate to dismiss claims under the FLSA on statute of limitations grounds prior to discovery where the plaintiffs-employees allege that no such notices were posted and they are entitled to equitable tolling.  As Plaintiffs have alleged that Defendants failed to post such notices, never provided them a paystub and did not otherwise inform them of their rights, the Motion to dismiss claims against the Moving Defendants on statute of limitations grounds at this early stage is entirely inappropriate and should be denied.

Finally, even if the Court treats the Motion as one for summary judgment, despite the Moving Defendants' failure to comply with Local Civil Rule 56.1 governing such motions, it should still be denied both because (1) disputes as to material facts exist about whether the Moving Defendants were Plaintiffs' employers within the limitations period, and (2) granting summary judgment based on Moving Defendants' self-serving affidavits before Plaintiffs have an opportunity to depose them or conduct discovery would be inappropriate and inconsistent with Second Circuit precedent.

## PROCEDURAL HISTORY

On February 14, 2012, the Plaintiffs filed a complaint in this Court alleging repeated violations by the Defendants of federal and New York State labor laws.  ECF No. 1.

On March 1, 2012, David Feldman, Esq. of Moses & Singer LLP entered into a stipulation on behalf of all Defendants accepting service of the Complaint and extending Defendants' time to answer.  ECF No. 2.

On April 20, 2012, the Non-Moving Defendants, by separate counsel, answered the Complaint.  ECF No. 5.  On the same day, the Moving Defendants moved to dismiss the Complaint as to them.  ECF No. 8.

## STATEMENT OF FACTS

Plaintiff Mou Si Chen and Xiang Lan Chen are former employees of Chinatown East.  (Compl. ¶ 1-2.)  Mou Si Chen worked primarily as a delivery person at the restaurant between approximately October 2006 and February 2011, while Xiang Lan Chen was employed as a waitress at the restaurant in early 2009, including for at least some period after February 14, 2009.  (*Id.* ¶¶ 8-9.)

Throughout the course of Plaintiffs' employment, the restaurant was owned and operated by Defendants.  The corporate entity Defendant Amor Restaurant Group Inc. ("Amor") was used to operate the restaurant at least up through 2009.  (*Id.* ¶ 13.)  Defendant Jimmy Chen was listed as the Chairman or CEO of Amor.  (*Id.* ¶ 2.)  Another entity, Defendant Beyond Asian Restaurant Inc. ("Beyond Asian"), was incorporated in January 2009 and listed Defendant Yu Zhen Li as the Chairman or CEO.  (*Id.* ¶¶ 3, 17.)  However, Amor was not dissolved until August 25, 2009.  (*Id.* ¶ 14.)

The four individual Defendants who own and operate Chinatown East are family members: Yun Lin Chen, Yu Zhen Li (his former wife) and their children, Jimmy Chen and

3

Jessica Chen.  (*Id.* ¶ 22.)  Each of these individuals was Plaintiffs' employer as defined by the FLSA and NYLL, including during times within three years of the filing of this lawsuit.  (*Id.* ¶¶ 23-31, 45, 56-58.)

Plaintiff Mou Si Chen regularly worked six (6) days per week and at least twelve (12) hours per day, but sometimes would also be called in to work on his day off.  (*Id.* ¶¶ 34-36.)  He was paid a fixed monthly salary of either $1,100, $850 or $900.  (*Id.* ¶¶ 39, 41-42.)  Plaintiff Xiang Lan Chen regularly worked six (6) days per week and a shift of eleven (11) hours per day, including a one (1) hour lunch break.  (*Id.* ¶¶ 50-51.)  She was paid at a fixed rate of $300 per month.  (*Id.* ¶ 54.)  In paying Plaintiffs a fixed monthly salary, Defendants failed to compensate them at the statutorily mandated minimum wage and never paid them overtime compensation despite Plaintiffs working well over forty hours per week.  (*Id.* ¶¶ 63, 64-67.)  Defendants also violated federal and state labor laws by unlawfully deducting wages and not providing spread of hours compensation.  (*Id.* ¶¶ 68-71, 74-76.)  In late 2009, Defendant Yun Lin Chen even slapped Plaintiff Mou Si Chen on the back of his head because he disapproved of the sequence in which Mou Si Chen had chosen to make two deliveries.  (*Id.* ¶ 45.)

Defendants also failed to keep full and accurate records of Plaintiffs' wages and hours worked.  (*Id.* ¶ 77.)  Plaintiffs never received a paystub of any form while working at the restaurant.  (*Id.* ¶ 78.)  Defendants never posted any notice in the restaurant explaining employees' right to receive the minimum wage and overtime pay or otherwise provided Plaintiffs with any other information about these rights.  (*Id.* ¶ 79-81.)

Defendants have also engaged in a pattern of illegal retaliation.  When Plaintiff Mou Si Chen asked Defendants to report and pay taxes on his behalf, Defendants retaliated against him by reducing his monthly salary.  (*Id.* ¶ 41.)  When Plaintiff Xiang Lan Chen made a similar

request to Defendant Yun Lin Chen in 2009, she was fired later that same day.  (*Id.* ¶¶ 56-58.)

Upon receiving a demand letter from Plaintiffs' counsel concerning Plaintiffs' wage and hour

claims, Defendants again retaliated against Plaintiffs by engaging in a pattern of harassment and

intimidation designed to pressure Plaintiffs to settle their claims.  (*Id.* ¶¶ 85-87.)

## ARGUMENT

### I. THE MOTION TO DISMISS SHOULD BE DENIED BECAUSE THE COMPLAINT FACIALLY DEMONSTRATES THE TIMELINESS OF PLAINTIFFS' CLAIMS AGAINST EACH OF THE MOVING DEFENDANTS.

#### A. The Moving Defendants' Motion should be treated as a motion to dismiss.

In order to survive a Fed. R. Civ. P. 12(b)(6) motion, the plaintiff's pleadings need only

"state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007).  As the Supreme Court explained, "[a] claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Once the claim

is adequately stated by non-conclusory allegations, *see Iqbal*, 556 U.S. at 678, "it may be

supported by showing any set of facts consistent with the allegations in the complaint."

*Twombly*, 550 U.S. at 563.  Thus, in evaluating a motion to dismiss under Rule 12(b)(6), the

district court "must accept as true all of the factual allegations set out in plaintiff's complaint,

draw inferences from those allegations in the light most favorable to plaintiff, and construe the

complaint liberally."  *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007).  Further, the district

court "is normally required to look only to the allegations on the face of the complaint."  *Id.* at

509.  A Rule 12(b)(6) motion "is not an occasion for the court to make findings of fact."  *Id.*

Consideration of papers outside the complaint or documents attached to or referenced in the

complaint would require the conversion of the motion to one for summary judgment.  Fed. R.

Civ. P. 12(d); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

Defendants labeled and filed their Motion as a "Motion to Dismiss" and make it pursuant to Rule 12(b)(6), and the Court should treat it as such.  *See* ECF No. 8 (Notice of Motion).  Although Defendants submitted two affidavits and numerous documents in support of their Motion, they did not comply with the other requirements for making a motion for summary judgment.  Under Local Civil Rule 56.1 for the Southern and Eastern Districts of New York, a party moving for summary judgment is required to annex to the notice of motion "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."  L.R. 56.1(a).  Moving Defendants, however, did not submit any such statement along with their Motion.  The Local Civil Rules state that the "[f]ailure to submit such a statement may constitute grounds for denial of the motion."  *Id.*  Therefore, the Court should not treat the Motion as a motion for summary judgment and should not consider the affidavits and documents submitted by the Moving Defendants.

### B.    A statute of limitations defense should be plead as an affirmative defense.

The Moving Defendants' sole argument for dismissal is that Plaintiffs' federal claims are time barred under the FLSA's statute of limitations.  However, a motion to dismiss is ordinarily not the appropriate vehicle for raising the statute of limitations affirmative defense.  *In re S. African Apartheid Litig.*, 617 F. Supp. 2d 228, 287 (S.D.N.Y. 2009) (denying defendant's motion to dismiss and noting that "[s]tatute of limitations defenses are affirmative defenses, which normally cannot be decided on a motion to dismiss").  Where, as here, a motion to dismiss is grounded in a statute of limitations defense, a court will grant the motion only where "the complaint *facially* shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading."  *Id.* (emphasis in original) (internal citations omitted); *see also Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999) (reversing

dismissal of discrimination claims as time-barred and noting that "dismissal is appropriate only if a complaint clearly shows the claim is out of time").

C.   **The Motion should be denied because the Complaint states a plausible claim against each of the Moving Defendants within the FLSA's three-year statute of limitations period.**

Plaintiffs have plead sufficient facts to make a plausible claim that each of the Moving Defendants was an employer of Plaintiffs within three years of the lawsuit being filed, and thus liable for any wage violations suffered by Plaintiffs.

Under the FLSA, each "employer" is jointly and severally liable for wages owed. *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999).  An "employer" is defined under the FLSA as one who "suffer[s] or permit[s]" an individual to work, and includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d), (e), (g).[1]  *See Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 69 (2d Cir. 2003) (noting that this is "'the broadest definition [of 'employ'] that has ever been included in any one act'") (internal citations omitted); *see also Herman*, 172 F.3d at 139 ("The Supreme Court has emphasized the 'expansiveness' of the FLSA's definition of employer") (citing *Falk v. Brennan*, 414 U.S. 190, 195 (1973)).

In determining whether an individual is an employer, the Second Circuit has noted that "the overarching concern is whether the alleged employer possessed the power to control the workers in question" and one must look to the economic realities of each case.  *Herman*, 172 F.3d at 139 (citations omitted).  While several factors have been viewed as relevant in such a

---

[1]     New York Labor Law also provides that an employee is "[e]mployed" when the worker is "permitted or suffered to work."  N.Y. Lab. L. § 2(7).  *See also Jiao v. Shi Ya Chen*, No. 03 Civ. 0165, 2007 WL 4944767, at *9 n.12 (S.D.N.Y. Mar. 30, 2007) (noting that courts "interpret[ ] the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA").

determination, an employer's control is to be decided "based upon *all* the circumstances" and the employment relationship can take many forms. *Id.* (emphasis in original).[2]  For instance, employer status "does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees.  Control may be restricted, or exercised only occasionally, without removing the employment relationship from the protections of the FLSA, since such limitations on control 'do[ ] not diminish the significance of its existence.'"  *Id.* (citations omitted); *see also Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 184, 192-93 (S.D.N.Y. 2003) (fact that defendant "exercised operational management" over the enterprise "sufficient under the law to satisfy the broad statutory definition of 'employer'").

    1.    <u>A statute of limitations period of *at least* three years applies to Plaintiffs'</u>
<u>claims under the FLSA because Defendants' violations were willful.</u>

Pursuant to the FLSA, a claim for federal labor violations must generally be brought either (i) within two years of the violation, or (ii) within three years if the employer's violations are willful.  29 U.S.C. § 255(a).  A violation is "willful" under the FLSA when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited."  *Herman*, 172 F.3d at 141.  Where an employer simply does not pay minimum wage and overtime to its workers, courts hold these violations to be willful.  *See, e.g., Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 258-59 (S.D.N.Y. 2008) (finding FLSA violations in case involving restaurant deliverymen to be willful); *see also Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 313 (E.D.N.Y. 2009) (employers' violation of minimum wage and overtime laws where they had

---

[2]     Some factors that courts frequently look to in evaluating an individual's control over a worker include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Id.* (citations omitted).

ample reason to know they were failing to pay legally mandated wages constitutes a willful violation).

The Complaint alleges sufficient facts to find that Defendants' violations were willful. Specifically, the Complaint alleges that Defendants failed to pay minimum wage, overtime and spread of hours compensation (¶¶ 59-71), never issued a paystub to Plaintiffs (¶ 78), and failed to keep accurate wage and hour records (¶ 77).  Therefore, even without consideration of equitable tolling, the relevant statute of limitations period for Plaintiffs' FLSA claims is still three years prior to the filing of the lawsuit—February 14, 2009.

> 2. <u>The Complaint alleges sufficient facts to make a plausible claim that Defendant Yun Lin Chen was Plaintiffs' employer within a three-year statute of limitations period.</u>

The Complaint alleges facts sufficient to create a plausible claim that Defendant Yun Lin Chen was Plaintiffs' employer as defined by the FLSA, including after February 14, 2009.  For instance, the Complaint alleges that Yun Lin Chen hired Plaintiff Mou Si Chen, set and lowered his salary, and paid both of the Plaintiffs.  (Compl. ¶ 23.)  Further, both of the Plaintiffs called Yun Lin Chen "*laoban*," which means "boss."  (*Id.* ¶ 24.)

The Complaint also has allegations more specifically establishing Yun Lin Chen as an employer after February 14, 2009.  The Complaint alleges that Yun Lin Chen yelled at Mou Si Chen for making deliveries in the wrong order during November 2009 and then slapped him on the back of the head a few days later.  (*Id.* ¶ 45.)  Further, the Complaint alleges that Plaintiff Xiang Lan Chen worked at the restaurant for a short period, which was between approximately January and March of 2009.  (*Id.* ¶ 9.)  Therefore, it is reasonable to infer that actions taken during Xiang Lan Chen's employment, and especially the end of her employment, fell within the

statute of limitations period.[3]  The Complaint alleged that Xiang Lan Chen was not only paid by Yun Lin Chen, but also that she asked him about the restaurant paying taxes for her, he said that he would look into it and that she was fired later that day.  (*Id.* ¶¶ 56-58.)

Because the allegations in the Complaint are sufficient to plead that Yun Lin Chen was still Plaintiffs' employer at the restaurant, as that term is defined by the FLSA, beyond February 14, 2009, the Motion to dismiss Yun Lin Chen as a defendant should be denied.

> 3.   The Complaint alleges sufficient facts to make a plausible claim that Defendant Jimmy Chen was Plaintiffs' employer within a three-year statute of limitations period.

Defendant Jimmy Chen, as alleged in the Complaint, is the son of Yun Lin Chen and Yu Zhen Li and was also the Chairman or CEO of Amor.  (*Id.* ¶¶ 14, 28.)  The Complaint alleges facts sufficient to make a plausible claim that he was Plaintiffs' employer.  For instance, the Complaint alleges that he had the power to fire Plaintiffs, determined the method of their compensation and controlled certain terms and conditions of their employment.  (*Id.* ¶ 29.)  More specifically, the Complaint alleges that Jimmy Chen paid cash to both Plaintiffs when customers left them tips on credit cards.  (*Id.*)  The Complaint also alleges that Jimmy Chen supervised Mou Si Chen's work, including by requiring him to sign out orders before making deliveries and criticizing him for not making deliveries quickly enough.  (*Id.*)  Additionally, when Mou Si Chen was making his last order of the night and then heading home, Jimmy Chen required him to first pay the amount of the order to the restaurant.  (*Id.*)  The allegations that Jimmy Chen was present at the restaurant and acting as a manager during Plaintiff Xiang Lan Chen's employment, at least part of which was after February 14, 2009, allow for a reasonable inference that Jimmy Chen

---

[3]      Indeed, the Answer filed by the Non-Moving Defendants alleges that Plaintiff Xiang Lan Chen did not start work at Chinatown East until February 17, 2009—in other words, her entire employment at the restaurant fell within the statute of limitations period.  Non-Moving Defendants' Ans. ¶ 9 (ECF No. 5).

was still Plaintiffs' employer within the statute of limitations period.  Accordingly, the Motion to dismiss Jimmy Chen as a defendant should be denied.

> 4.     The Complaint alleges sufficient facts to make a plausible claim that Defendant Amor was Plaintiffs' employer within a three-year statute of limitations period.

The Complaint alleges that the corporate Defendant Amor owned and operated Chinatown East through approximately 2009.  (*Id.* ¶ 13.)  Further, while the Complaint recognizes that Beyond Asian was incorporated in January 2009 (*id.* ¶ 17), the Complaint also alleges that New York State Department of State records show that Amor was not dissolved until August 25, 2009 (*id.* ¶ 14).  Therefore, it is plausible that Amor was still involved in at least some aspects of owning and operating the restaurant after Beyond Asian was created and after February 14, 2009.  The fact that Jimmy Chen, the Chairman and CEO of Amor, was still involved in managing the restaurant during Plaintiff Xiang Lan Chen's employment (*i.e.*, after February 14, 2009) also suggests that Amor was still involved in operating the restaurant beyond the date when Beyond Asian was incorporated.[4]

As the Complaint alleges sufficient facts to make a plausible claim that Amor was involved in operating the restaurant after February 14, 2009, the Motion to dismiss Amor as a defendant should be denied.[5]

---

[4]     The Moving Defendants devote much of their motion to arguing that there is no "successor liability" here and thus Amor is not liable for the violations committed by Beyond Asian Restaurant Inc. after the alleged sale.  But as the Moving Defendants note, successor liability implicates the potential liability of the purchaser of a corporation's assets (*i.e.* Beyond Asian).  (*See* Mot. at 9 (citing *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 45 (2d Cir. 2003)).)  Thus, this argument is irrelevant to the Moving Defendants' Motion and should be disregarded by the Court.

[5]     If the Court decides that Plaintiffs' Complaint does not state plausible claims against any or all of the Moving Defendants, Plaintiffs request that the Court grant Plaintiffs an opportunity to amend the Complaint.

## II.   THE MOTION SHOULD BE DENIED BECAUSE THE PLAINTIFFS STATE CLAIMS AGAINST EACH MOVING DEFENDANT THAT ARE TIMELY UNDER PRINCIPLES OF EQUITABLE TOLLING.

An additional, independent basis for denying the Moving Defendants' Motion – whether it be a motion to dismiss or a motion for summary judgment – is that the entirety of Plaintiffs' claims against the Moving Defendants are timely under principles of equitable tolling.  Equitable tolling "allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances."  *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996).  Generally, equitable tolling is appropriate where the defendant is responsible for concealing the existence of the plaintiff's cause of action.  *Veltri v. Building Serv. 32B-J Pension Fund*, 393 F.3d 318, 323 (2d Cir. 2004).

In the FLSA context, district courts in this Circuit have held that failing to notify employees of their rights under the FLSA, such as by posting information about the minimum wage and overtime laws in the workplace as required by the FLSA, is a sufficient basis for tolling the statute of limitations.  *See* 29 C.F.R. § 516.4 (requiring employers to "post and keep posted a notice explaining the [FLSA] . . . in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy"); *see also Sexton v. Franklin First Fin., Ltd.*, No. 08 Civ. 04950, 2009 WL 1706535, at *16 (E.D.N.Y. June 16, 2009) (defendants' concealment of plaintiff-employee's rights by failing to post Department of Labor notices permits equitable tolling); *Yu G. Ke*, 595 F. Supp. 2d at 258-60 (plaintiff deliverymen entitled to equitable tolling where employer "did not comply with this notice requirement [to post information on the minimum wage laws], and made no effort to provide any other form of notice to the plaintiffs about their rights and the requirements of the FLSA"); *Ramirez v. Rifkin*, 568 F. Supp. 2d 262, 269-70 (E.D.N.Y. 2008) (tolling may be warranted where defendants concealed information about plaintiffs' rights); *Ramirez v. CSJ & Co., Inc.*,

No. 06 Civ. 13677, 2007 WL 1040363, at *3 (S.D.N.Y. Apr. 3, 2007) (denying defendants' motion to dismiss on statute of limitations grounds where employer failed to post notices of employees' rights under the FLSA).

In this case, Plaintiffs have alleged in their Complaint, and shown by affidavit, that Defendants not only failed to post notices in the restaurant concerning the minimum wage and overtime laws, but also failed to provide them with a paystub to show how they were being paid or otherwise inform them of their rights under the FLSA.  (Compl. ¶¶ 77-81; Xiang Lan Chen Aff. ¶¶ 13-14; Mou Si Chen Aff. ¶¶ 12-13.)  As such, it would be inappropriate and entirely inconsistent with precedent in this Circuit to dismiss all claims against the Moving Defendants on statute of limitations grounds at this stage in the litigation where the Plaintiffs may be entitled to equitable tolling of the statute of limitations.  *See S. African Apartheid Litig.*, 617 F. Supp. 2d at 287 (noting that "[s]tatute of limitations defenses are affirmative defenses, which normally cannot be decided on a motion to dismiss," and denying defendants' motion because plaintiffs might be entitled to equitable tolling); *see also Mandarino v. Mandarino*, 180 F. App'x 258, 261 (2d Cir. 2006) (reversing dismissal where court improperly resolved disputed factual issue of equitable tolling at motion to dismiss stage); *Sexton*, 2009 WL 1706535, at *1, 14 (denying employers' motion for summary judgment prior to discovery on basis of statute of limitations defense where employers allegedly failed to post notices of FLSA rights and noting the motion was "premature"); *Ramirez*, 2007 WL 1040363, at *3 (denying defendants' motion to dismiss).

Because Plaintiffs' have alleged sufficient facts to entitle them to equitable tolling of the statute of limitations for the wage claims, the Moving Defendants' Motion to dismiss all claims against them based on a statute of limitations defense should be denied.

### III.    IF DEFENDANTS' MOTION IS TREATED AS A MOTION FOR SUMMARY JUDGMENT, IT SHOULD STILL BE DENIED.

#### A.    Summary judgment is inappropriate because genuine disputes exist as to material facts concerning whether each of the Moving Defendants was an employer of Plaintiffs after February 14, 2009.

A district court should only grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (reversing decision granting summary judgment) (internal citation omitted).  In deciding a motion for summary judgment, the court must "resolve all ambiguities and draw all factual inferences in favor of the nonmoving party." *Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003).

Although the Motion is framed as a Motion to Dismiss, the Moving Defendants have submitted documents not referenced in the Complaint, as well as affidavits, along with their Motion.  If the Court considers the Moving Defendants' Motion as one for summary judgment, the Court should deny the motion for summary judgment because the Moving Defendants failed to comply with Local Civil Rule 56.1 requiring a statement of material facts as to which they contend there is no genuine dispute.  L.R. 56.1(a).

The Motion should be denied for the additional reason that the documents and self-serving affidavits submitted by the Moving Defendants simply create disputed issues of fact as to each of the Moving Defendants' involvement in the restaurant after January 22, 2009.  These material issues of fact – and the need for discovery – are further highlighted by both the

affidavits now submitted by Plaintiffs as well as the Non-Moving Defendants' Answer.[6]  For

instance, the Non-Moving Defendants' Answer alleges that all of Plaintiff Xiang Lan Chen's

employment at the restaurant was within the three-year statute of limitations period, which would

mean that any interactions she had with Defendants Yun Lin Chen and Jimmy Chen were within

the statute of limitations period.  Non-Moving Defs.' Ans. ¶ 9 (ECF No. 5).

1.   There is a genuine dispute as to material facts concerning whether Defendant Yun Lin Chen was Plaintiffs' employer as defined by the FLSA after February 14, 2009.

There is a dispute of material fact as to whether Defendant Yun Lin Chen was Plaintiffs'

employer after February 14, 2009.  Yun Lin Chen's affidavit acknowledges that he was an

employer with managerial powers since 2002.  (Yun Lin Chen Aff. ¶ 11.)  But he then alleges

that when the restaurant was allegedly sold in January 2009, he "remained in charge of

deliveries, but no longer have any managerial responsibility or involvement."  (*Id.* ¶ 29.)

Plaintiffs' affidavits show that even after the sale in January 2009, employees still called

Defendant Yun Lin Chen "boss" and no change as to his power or authority in the restaurant

occurred.  (Xiang Lan Chen Aff. ¶¶ 5, 8; Mou Si Chen Aff. ¶¶ 6-7, 9.)  For instance, throughout

Mou Si Chen's employment, Yun Lin Chen always had the power to fire him, change his salary,

assign him work to perform and set his schedule, including by making decisions about vacations

or days off.  (Mou Si Chen Aff. ¶¶ 6-7.)  Moreover, Plaintiffs have also shown that Yun Lin

Chen yelled at and slapped Mou Si Chen for making deliveries in the wrong order during late

2009.  (*Id.* ¶ 8.)  During Plaintiff Xiang Lan Chen's employment, Yun Lin Chen paid her wages

to her and the other waitresses in the restaurant.  (Xiang Lan Chen Aff. ¶ 6.)  Further, after

February 14, 2009, Plaintiff Xiang Lan Chen chose to ask Yun Lin Chen when she wanted to

---

[6]     Plaintiffs have submitted a statement of disputed material facts pursuant to Local Rule 56.1(b) in the event this court entertains the Moving Defendants' Motion as one for summary judgment.

inquire about the restaurant paying taxes on her behalf and he made the decision to fire her in response.  (*Id.* ¶ 7.)  These facts suggest that Yun Lin Chen did retain and exercise sufficient control over Plaintiffs' employment within the statute of limitations period and make the dismissal of claims against Yun Lin Chen inappropriate.

> 2.    A genuine dispute exists as to material facts concerning whether Defendants Jimmy Chen and Amor were Plaintiffs' employer as defined by the FLSA after February 14, 2009.

Issues of material fact relating to whether Defendants Jimmy Chen and Amor were still involved in managing and operating the restaurant after February 14, 2009, also exist, making summary judgment inappropriate.  Jimmy Chen's averment that his status as an employer ended with the sale of the restaurant (Jimmy Chen Aff. ¶¶ 9, 21) is contradicted by Plaintiffs' affidavits. Plaintiff Xiang Lan Chen's affidavit states that Jimmy Chen worked at the restaurant throughout her employment there, which included time within the statute of limitations period, and in this time he would pay cash to her, order her to clean and do other "sidework," and had the authority to make other decisions relating to her employment, such as telling her when to take a break. (Xiang Lan Chen Aff. ¶¶ 9-12.)  Plaintiff Mou Si Chen's affidavit states the managerial and supervisory role that Jimmy Chen played at the restaurant regarding his own employment and notes that Jimmy Chen's role and involvement in the restaurant did not decrease until after his daughter, Xiang Lan Chen, had left her employment there.  (Mou Si Chen Aff. ¶¶ 10, 11.)

An analysis of corporate filings made with the New York State Department of State also suggests that Jimmy Chen and Amor were still involved in operating the restaurant after February 14, 2009.  First, Amor was not actually dissolved until August 25, 2009.  (Jimmy Chen Aff. ¶ 3.)  Second, the fact that Amor's Chairman and CEO, Jimmy Chen, was involved in operating Chinatown East within the statute of limitations period suggests that this corporate entity also did not cease all operation or involvement with the restaurant immediately after the

alleged sale.  (*See id.* ¶ 1 (Jimmy Chen was Chairman/CEO of Amor until it dissolved).)

Accordingly, there are disputed material issues of fact as to whether Amor and Jimmy Chen were

Plaintiffs' employers with the three-year statute of limitations period.

**B.**     **The Motion is premature because it was made prior to Plaintiffs having an opportunity to conduct discovery.**

The Second Circuit has held that "[o]nly in the rarest of cases may summary judgment be

granted against a plaintiff who has not been afforded the opportunity to conduct discovery."

*Hellstrom*, 201 F.3d at 97 (vacating and remanding district court dismissal of action on summary

judgment because plaintiff did not have opportunity to discover information essential to his

opposition to motion for summary judgment, such as by taking depositions) (internal citations

omitted); *see also Sexton*, 2009 WL 1706535, at *17 (noting that plaintiff-employee did yet have

opportunity to conduct discovery in denying employer's motion to dismiss on statute of

limitations grounds as "premature"); *Rosen v. Trans World Airlines, Inc.*, No. 94 Civ. 0682, 1997

WL 107640, at *1 (S.D.N.Y. Mar. 11, 1997) ("The motion of Port Authority is denied because

plaintiff has not yet been given the opportunity to depose the Port Authority employee on the

basis of whose affidavit summary judgment is sought.").

In this case, the Moving Defendants' Motion rests upon the self-serving affidavits of the

Moving Defendants themselves and documents introduced through those affidavits.  Plaintiffs

must at least be afforded an opportunity to depose these individuals and question them on the

content of their affidavits before all claims against them are dismissed.  The need for discovery

on the question of the Moving Defendants' involvement after February 14, 2009, is even more

pressing because significant direct and indirect evidence already exists suggesting that each of

these Defendants was involved in the restaurant after this date, including the allegations in the

Complaint, the pleadings in the Non-Moving Defendants' Answer and the affidavits being

offered by Plaintiffs in opposition to the Moving Defendants' Motion.  (*See* Affidavit of Jason M. Swergold ¶¶ 6-7 (listing the numerous issues relevant to the timeliness of the claims against the Moving Defendants, including the issue of equitable tolling, upon which Plaintiffs intend to seek discovery from Defendants and third parties).)

Therefore, the Moving Defendants' Motion is entirely improper at this stage in the litigation and should be denied.

## CONCLUSION

For the reasons stated above, the Moving Defendants' Motion should be denied and discovery in this case should not be further delayed.

Dated:    New York, New York
          June 1, 2012

                              SHEARMAN & STERLING LLP

                    BY:     /s/ Jason M. Swergold
                            _____
                            Jaculin Aaron
                            Jason M. Swergold
                            599 Lexington Avenue
                            New York, NY  10022-6069
                            Telephone: (212) 848-4000
                            Facsimile: (212) 848-7179
                            jaaron@shearman.com
                            jason.swergold@shearman.com

                            THE LEGAL AID SOCIETY
                            Steven R. Banks, Attorney-in-Chief
                            Adriene L. Holder, Attorney-in Charge,
                                Civil Practice
                            Karen Cacace, Supervising Attorney,
                                Employment Law Unit
                            Aaron Halegua, Staff Attorney,
                                Employment Law Unit
                            199 Water Street, 3rd Floor
                            New York, NY  10038
                            Telephone: (212) 577-3465
                            Facsimile: (646) 616-4578
                            AHalegua@legal-aid.org

                            *Attorneys for Plaintiffs*
                            _____