UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MOU SI CHEN and XIANG LAN CHEN,                          :
                                                         :
                                                         :
                              Plaintiffs,                :   Case No. 12-cv-1146 (AKH) (FM)
                                                         :
              -against-                                  :
                                                         :
AMOR RESTAURANT GROUP INC. (d/b/a                        :
CHINATOWN EAST), BEYOND ASIAN                            :
RESTAURANT INC. (d/b/a CHINATOWN EAST),                  :
YUN LIN CHEN (a/k/a KANGDI), YU ZHEN LI,                 :
JIMMY CHEN and JESSICA CHEN,                             :
                                                         :
                              Defendants.                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE
MOTION TO DISMISS BY DEFENDANTS AMOR RESTAURANT GROUP INC.
(d/b/a CHINATOWN EAST), YUN LIN CHEN AND JIMMY CHEN**


MOSES & SINGER LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 554-7800

*Attorneys for Defendants Amor
Restaurant Group Inc. (d/b/a Chinatown
East), Yun Lin Chen and Jimmy Chen*

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES...................................................................................................ii

TABLE OF CONTENTS LISTING ALL AFFIDAVITS AND EXHIBITS IN
ACCORDANCE WITH RULE 2.B OF THE INDIVIDUAL RULES OF THE
HONORABLE ALVIN K. HELLERSTEIN, U.S. DISTRICT JUDGE .............................................v

PRELIMINARY STATEMENT.............................................................................................1

ARGUMENT ...................................................................................................................2

I.    THE AMOR DEFENDANTS' MOTION TO DISMISS THE COMPLAINT
      AS AGAINST THEM SHOULD BE GRANTED BECAUSE
      PLAINTIFFS' CONCLUSORY ALLEGATIONS DO NOTHING TO
      RESOLVE PLAINTIFFS' FACIALLY DEFICIENT COMPLAINT ...................................2

      A.    The Amor Defendants' Motion Has Always Properly Been A Motion
            to Dismiss.................................................................................................2

      B.    The Complaint, And The Documents Upon Which The Complaint
            Relies, Reveal That Plaintiffs' Federal Claims Are Time-Barred By
            The Applicable Statute Of Limitations .......................................................4

            1.    Yun Lin Chen Was Not An Employer After January 22, 2009 ..................6

            2.    Jimmy Chen Was Not An Employer After January 22, 2009....................8

            3.    Amor Was Not An Employer After January 22, 2009...............................9

II.   EQUITABLE TOLLING IS AN EXTRAORDINARY REMEDY, THE
      APPLICATION OF WHICH IS NOT WARRANTED IN THIS CASE .............................10

III.  PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO WITHSTAND
      A MOTION TO DISMISS, LET ALONE SUMMARY JUDGMENT................................13

      A.    Plaintiffs' Conclusory Allegations Are Insufficient To Withstand A
            Motion For Summary Judgment Where It Is Evident From The Face
            Of The Complaint, And The Documents Upon Which The
            Complaint Relies, That Their Federal Claims Are Time-Barred ..............14

      B.    Plaintiffs Are Not Entitled To Discovery Where It Is Evident From
            The Face Of The Complaint, And The Documents Upon Which The
            Complaint Relies, That Their Federal Claims Are Time-Barred ..............15

CONCLUSION ...............................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abrahams v. Young & Rubicam*,
    979 F. Supp. 122 (D.Conn. 1997)........................................................................15

*Amendola v. Bristol–Myers Squibb Co*.,
    558 F. Supp.2d 459 (S.D.N.Y. 2008)..................................................................11

*Ansoumana v. Gristede's Operating Corp*.,
    255 F. Supp.2d 184 (S.D.N.Y. 2003)....................................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S.Ct. 1937 (2009) ................................................................ 5-6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 127 S.Ct. 1955 (2007)....................................................................6

*Brathwaite v. Sec. Indus. Automation Corp*.,
    No. 06 CV 0300(NG)(JMA), 2006 WL 1064187 (E.D.N.Y. Apr. 20, 2006)..........................3

*Cao v. Wu Liang Ye Lexington Rest., Inc.*,
    No. 08 Civ. 3725(DC), 2010 WL 4159391 (S.D.N.Y. Sept.30, 2010)....................................11

*Copantitla v. Fiskardo Estiatorio, Inc*.,
    788 F. Supp.2d 253 (S.D.N.Y. 2011)..................................................................11

*D'Jamoos v. Griffith*,
    No. 00 CV 1361, 2001 WL 1328592 (E.D.N.Y. Aug. 1, 2001) ...............................................3

*Edwards v. City of New York*,
    No. 08 Civ. 3134 (DLC), 2011 WL 3837130 (S.D.N.Y. Aug. 29, 2011)......................... 10-11

*Herman v. RSR Sec. Servs*.,
    172 F.3d 132 (2d Cir. 1990)..................................................................................5

*In re S. African Apartheid Litig*.,
    617 F. Supp.2d 228 (S.D.N.Y. 2009)....................................................................4

*Irwin v. Dep't of Veterans Affairs*,
    498 U.S. 89, 111 S.Ct. 453 (1990)......................................................................11

*Jacobsen v. The Stop & Shop Supermarket Co*.,
    No. 02 Civ. 5915(DLC), 2004 WL 1918795 (S.D.N.Y. Aug. 27, 2004)..............................11

*Jones v. Capital Cities/ABC Inc.*,
    168 F.R.D. 477 (S.D.N.Y. 1996) ............................................................15

*Kahn v. Kohlberg, Kravis, Roberts & Co.*,
    970 F.2d 1030 (2d Cir. 1992)................................................................4

*Kaylor v. Fields*,
    661 F.2d 1177 (8th Cir.1981) ...............................................................15

*La Porte Constr. Co. v. Bayshore Nat'l Bank*,
    805 F.2d 1254 (5th Cir. 1986) ...............................................................4

*LaChapelle v. Berkshire Life Ins. Co.*,
    142 F.3d 507 (1st Cir. 1998).................................................................4

*Lanzetta v. Florio's Enterprises, Inc.*,
    763 F. Supp.2d 615 (S.D.N.Y. 2011).................................................... 11-12

*Patraker v. Council of Env't of New York City*,
    No. 02 Civ. 7382 (LAK), 2003 WL 22336829 (S.D.N.Y. Oct. 14, 2003) .......................11, 12

*Polsby v. St. Martin's Press, Inc.*,
    No. 97 Civ. 690(MBM), 2000 WL 98057 (S.D.N.Y. Jan. 18, 2000) ....................................15

*Ramirez v. CSJ & Co.*,
    No. 06 Civ. 13677(LAK), 2007 WL 1040363 (S.D.N.Y. Apr.3, 2007) ................................13

*Ramirez v. Rifkin*,
    568 F. Supp.2d 262 (E.D.N.Y. 2008) ......................................................13

*Salvatore v. KLM Royal Dutch Airlines*,
    No. 98 Civ. 2450(LAP), 1999 WL 796172 (S.D.N.Y. Sep 30, 1999)....................................15

*Sexton v. Franklin First Fin., Ltd.*,
    No. 08 Civ. 04950, 2009 WL 1706535 (E.D.N.Y. June 16, 2009).........................................13

*Stoner v. Walsh*,
    772 F. Supp. 790 (S.D.N.Y.1991)..........................................................15

*Wallace v. Kato*,
    549 U.S. 384, 127 S.Ct. 1091 (2007) .......................................................11

*Yu G. Ke v. Saigon Grill, Inc.*,
    595 F. Supp.2d 240 (S.D.N.Y. 2008)......................................................13

*Zerilli-Edelglass v. New York City Transit Auth.*,
    333 F.3d 74 (2d Cir. 2003)................................................................11

**FEDERAL STATUTES**

29 U.S.C. § 255(a) ........................................................................................................3

**FEDERAL RULES**

Fed. R. Civ. P. 8 ..........................................................................................................6

Fed. R. Civ. P. 12(b)(6)........................................................................................2, 3, 4, 13

Fed. R. Civ. P. 56 ..........................................................................................................3

Local Rule 56.1 ..............................................................................................................3

**SECONDARY AUTHORITIES**

2 *Moore's Federal Practice*, § 12.34[4][b] (Matthew Bender 3d Ed. 2012)...................4

C. Wright & A. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004) ...........6

**TABLE OF CONTENTS LISTING ALL AFFIDAVITS AND EXHIBITS IN
ACCORDANCE WITH RULE 2.B OF THE INDIVIDUAL RULES OF THE
<u>HONORABLE ALVIN K. HELLERSTEIN, U.S. DISTRICT JUDGE</u>**

I.    Reply Affidavit of Yun Lin Chen in Further Support of Motion to Dismiss, sworn
      to on June 21, 2012

      (A)    "Employee's Daily Record of Tips Received" for Xiang Lan Chen, from
             February 17, 2009 to February 28, 2009...................................................Exhibit A

II.   Reply Affidavit of Jimmy Chen in Further Support of Motion to Dismiss, sworn
      to on June 21, 2012

## PRELIMINARY STATEMENT

In their moving papers, Defendants Amor Restaurant Group Inc. ("Amor"), Yun Lin Chen and Jimmy Chen (collectively, the "Amor Defendants") established that the Complaint should be dismissed against them because: (i) it is evident from the face of the Complaint, and the documents upon which the Complaint relies, that the federal claims of Plaintiffs Mou Si Chen and Xiang Lan Chen (collectively, "Plaintiffs") against the Amor Defendants are time-barred; (ii) Amor and Beyond Asian Restaurant Inc. ("Beyond") are separate and distinct corporate entities, establishing that there is no successor liability in this case; and (iii) considerations of judicial economy, convenience, fairness, and comity favor this Court's declining supplemental jurisdiction over the remaining state law claims against the Amor Defendants.

In their opposing papers, Plaintiffs fail to meaningfully respond to points (ii) and (iii) above. Instead, Plaintiffs argue that: (i) various vague and conclusory allegations establish the timeliness of their claims against the Amor Defendants; (ii) Plaintiffs' claims are timely under principles of equitable tolling; and (iii) if the Amor Defendants' motion is treated as a motion for summary judgment it still should be denied.

As discussed in detail below, Plaintiffs' opposing papers do nothing to resolve Plaintiffs' facially deficient Complaint, which, considered along with the documents upon which the Complaint relies, establishes that the Amor Defendants were not Plaintiffs' employers after their sale of Chinatown East to Beyond on January 22, 2009, more than three years before the Complaint was filed and outside the statute of limitations period. Plaintiffs' allegations concerning Yun Lin Chen's involvement in Chinatown Restaurant during the statute of limitations period are entirely consistent with Yun Lin Chen's sworn testimony that he was employed by Chinatown Restaurant at that time to oversee deliveries, but no longer had any

managerial responsibility or involvement.  Plaintiffs' allegations concerning Jimmy Chen's

involvement in Chinatown Restaurant during the statute of limitations period, do not establish

that he was Plaintiffs' employer at that time but rather, that he provided advice and temporarily

filled gaps caused by his departure at the request of the new owner and manager, Yu Zhen Li and

Jessica Chen.  In addition, the dissolution of Amor on August 25, 2009, simply confirms that

shortly after the sale of Chinatown East, Amor was dissolved.

Furthermore, equitable tolling is an extraordinary remedy, the application of which is not

warranted in this case.  Finally, where Plaintiffs' allegations are insufficient to withstand this

motion to dismiss, they cannot possibly survive summary judgment and, moreover, Plaintiffs are

not entitled to discovery where it is evident from the face of the Complaint, and the documents

upon which the Complaint relies, that their federal claims are time-barred.

## ARGUMENT

I. **THE AMOR DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AS AGAINST THEM SHOULD BE GRANTED BECAUSE PLAINTIFFS' CONCLUSORY ALLEGATIONS DO NOTHING TO RESOLVE PLAINTIFFS' FACIALLY DEFICIENT COMPLAINT**

    A.    **The Amor Defendants' Motion Has Always Properly Been A Motion to Dismiss**

As the Amor Defendants' moving papers demonstrate, the Amor Defendants seek

dismissal of the Complaint as against them pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure ("FRCP").  *See* Notice of Motion, dated April 20, 2012; Moving Brief[1] at pp. 6-

7.  As discussed in detail in the moving papers, where a plaintiff's claims are predicated on a

document, a defendant may attach the document to a Fed. R. Civ. P. 12(b)(6) motion even if

plaintiff's complaint does not explicitly refer to it.  *See* Moving Br. at p. 8 and authorities cited

---

[1] "Moving Brief" refers to the Memorandum of Law in Support of the Motion to Dismiss by Defendants Amor
    Restaurant Group Inc. (d/b/a Chinatown East), Yun Lin Chen and Jimmy Chen, dated April 20, 2012.

therein.  Thus, because Plaintiffs allege that the sale of Chinatown East occurred in January 2009 (*see* Compl.,[2] ¶ 2), this Court may properly consider the documents evidencing that ownership of Chinatown East was transferred from Amor to Beyond, two distinct corporations with different owners and management, on January 22, 2009, more than three years before this Complaint was filed and before the three-year statute of limitations cutoff under the FLSA.[3]

In addition, contrary to Plaintiffs' argument, which is noticeably absent of any case law citations (*see* Pl. Br.[4] at p. 6), if this Court chooses to convert this motion to a summary judgment motion under Rule 56, the Amor Defendants' exclusion of a Rule 56.1 statement at the time of filing their Rule 12(b)(6) motion does not necessitate denial.  Rather, the Court may order the parties to submit Rule 56.1 statements and any additional pertinent material at that time.  *See Brathwaite v. Sec. Indus. Automation Corp.*, No. 06 CV 0300(NG)(JMA), 2006 WL 1064187, at *1 (E.D.N.Y. Apr. 20, 2006) ("the court shall treat AMEX's motion to dismiss as a motion for summary judgment.  AMEX is directed to submit any additional materials pertinent to its motion, including the statement required by Local Rule 56. 1, by April 28, 2006."); *D'Jamoos v. Griffith*, No. 00 CV 1361, 2001 WL 1328592, at *4 (E.D.N.Y. Aug. 1, 2001) (observing that "Plaintiff has provided no authority, however, for the requirement that a Rule 56.1 Statement be filed when a 12(b)(6) motion is converted to a motion for summary judgment").[5]

---

[2] "Compl." refers to the Complaint filed in the instant action, dated February 14, 2012.

[3] The three year statute of limitations assumes, *arguendo*, that Plaintiffs can prove that the Amor Defendants' violations were willful.  *See* 29 U.S.C. § 255(a).

[4] "Pl. Br." refers to Plaintiffs' Memorandum of Law in Support of their Opposition to Defendants Amor Restaurant Group Inc., Yun Lin Chen and Jimmy Chen's Motion to Dismiss, dated June 1, 2012.

[5] Thus, Plaintiffs' filing of a Rule 56.1(b) Statement at this time is also premature.

Moreover, Plaintiffs' argument that the instant motion to dismiss is not the proper vehicle for raising a statute of limitations defense (*see* Pl. Br. at p. 6) simply ignores applicable case law. It is well-established that "[d]ismissal under Rule 12(b)(6) may … be appropriate when a successful affirmative defense or other bar to relief appears on the face of the complaint, such as … the statute of limitations." 2 *Moore's Federal Practice*, § 12.34[4][b] (Matthew Bender 3d Ed. 2012). *See also Kahn v. Kohlberg, Kravis, Roberts & Co.*, 970 F.2d 1030, 1043 (2d Cir. 1992) (affirming Rule 12(b)(6) dismissal where complaint and attached exhibits showed that statute of limitations had run); *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998) (motion to dismiss granted on basis of limitations defense when it was clear from pleadings that claim was time-barred because limitations period had run on insurance contract and doctrine of equitable estoppel did not apply); *La Porte Constr. Co. v. Bayshore Nat'l Bank of La Porte Texas*, 805 F.2d 1254, 1255 (5th Cir. 1986) ("a complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action").[6]

**B.    The Complaint, And The Documents Upon Which The Complaint Relies, Reveal That Plaintiffs' Federal Claims Are Time-Barred By The Applicable Statute Of Limitations**

Plaintiffs concede that absent equitable tolling, the statute of limitations period for Plaintiffs' FLSA claims is at most three years prior to the filing of this lawsuit, which would be February 14, 2009. *See* Pl. Br. at p. 9. Thus, unless it is clear from the face of the Complaint that Plaintiffs were employed *by the Amor Defendants* after February 14, 2009, the Amor Defendants' motion to dismiss should, respectfully, be granted.

---

[6]  In fact, Plaintiffs' own case law acknowledges that a motion to dismiss can be based on a statute of limitations defense "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *See* Pl. Br. at p. 6 (*citing In re S. African Apartheid Litig.*, 617 F. Supp.2d 228, 287 (S.D.N.Y. 2009).

As discussed in the moving papers, it is evident from the face of the Complaint and the documents upon which the Complaint relies, that ownership of Chinatown East was transferred from Amor to Beyond on January 22, 2009. *See* Moving Br., at p. 8; Compl., ¶ 2. The fact that the sale of Chinatown East was consummated prior to the statute of limitations cutoff is established on the face of the Complaint and is confirmed by the documents supplied by the Amor Defendants. *See id*. Thus, the FLSA claims against the Amor Defendants are time-barred.

The cases cited by Plaintiffs in support of their argument that the Amor Defendants were Plaintiffs' employers (*see* Pl. Br. at pp. 2-8) are wholly irrelevant because they do not address a situation where the alleged employers sold the place of employment prior to the statute of limitations' cutoff date. *See, e.g., Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 136 (2d Cir. 1990) (no dispute that alleged employer was a shareholder and board member of company that employed plaintiffs); *Ansoumana v. Gristede's Operating Corp*., 255 F. Supp.2d 184, 192 (S.D.N.Y. 2003) (no dispute that alleged employers were owners and officers of corporation that employed plaintiffs).

Moreover, Plaintiffs' vague and conclusory allegations regarding the Amor Defendants' involvement in Chinatown Restaurant post-February 14, 2009 (*see* Pl. Br. at pp. 9-11), are insufficient to survive this motion to dismiss. Plaintiffs cannot simply recite the conclusion that the Amor Defendants acted as their "employers," when the facts pleaded – most particularly the sale of the business, as discussed above – are inconsistent with that conclusion. As the Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability

> requirement," but it asks for more than a sheer possibility that a
> defendant has acted unlawfully.  Where a complaint pleads facts
> that are "merely consistent with" a defendant's liability, it "stops
> short of the line between possibility and plausibility of 'entitlement
> to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). In

addition, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice... **[Rule 8] does not unlock the doors of discovery for a**

**plaintiff armed with nothing more than conclusions."** *Id.* at 678-79, 129 S.Ct. at 1949–50

(emphasis added).  *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965

(2007) ("Factual allegations must be enough to raise a right to relief above the speculative

level") (citation omitted); C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp.

235–236 (3d ed. 2004) ("[T]he pleading must contain something more ... than ... a statement of

facts that merely creates a suspicion [of] a legally cognizable right of action").  As discussed in

detail below, Plaintiffs' vague and conclusory allegations regarding the Amor Defendants'

involvement in the operation of Chinatown Restaurant post-February 14, 2009 are insufficient to

state a timely claim against each of these parties.

### 1.      <u>Yun Lin Chen Was Not An Employer After January 22, 2009</u>

As discussed in the moving papers, Chinatown East was sold by Amor to Beyond on

January 22, 2009, prior to the statute of limitations cutoff date of February 14, 2009 and more

than three years prior to the filing of the Complaint.  *See* Moving Br., at pp. 7-8.  Plaintiffs make

few allegations concerning Defendant Yun Lin Chen's employment of the Plaintiffs post-

February 14, 2009 and none of these allegations is sufficient to withstand the instant motion to

dismiss.  *See* Pl. Br. at pp. 9-10.

First, Plaintiffs' allegation that Yun Lin Chen reprimanded Mou Si Chen for making

deliveries in the wrong order during November 2009 (*see* Pl. Br. at p. 9; Compl., ¶ 45) is entirely

consistent with the fact that after the sale of Chinatown East to Beyond, Yun Lin Chen was employed by Chinatown Restaurant to oversee deliveries, but no longer had any managerial responsibility or control.  *See* Yun Lin Chen Aff.,[7] ¶ 29.

Second, Yun Lin Chen's occasional payments to Chinatown Restaurant employees at the direction of Yu Zhen Li or Jessica Chen do not make him an employer after the sale of Chinatown East to Beyond.  *See* Yun Lin Chen Reply Aff.,[8] ¶ 5.  Notwithstanding Yun Lin Chen's assignment of this task, he did not have any ownership interest in or managerial responsibility for Chinatown Restaurant after January 22, 2009, and never had any ownership interest in or managerial responsibility for Beyond.  *See id.*  After January 22, 2009, Yun Lin Chen did not have the power to hire or fire Chinatown Restaurant employees, determine their rates and methods of compensation, maintain employee records, or set employee work schedules or terms and conditions of employment.  *See id.*  The fact that Yun Lin Chen was a prior owner of and employer at Chinatown East does not make him an employer after the sale to Beyond, where the Amor Defendants have shown that that sale was a legitimate transaction.

Similarly, Plaintiffs' allegations that they called Yun Lin Chen "laoban" (i.e., "boss") (*see* Pl. Br. at p. 9; Compl., ¶ 24) does not make him their employer during the statute of limitations period where the sale of Chinatown East to Beyond was effectuated more than three years before the commencement of the present action.  *See* Yun Lin Chen Reply Aff., ¶ 6.[9]

---

[7] "Yun Lin Chen Aff." refers to the Supporting Affidavit of Yun Lin Chen, sworn to on April 20, 2012.

[8] "Yun Lin Chen Reply Aff." refers to the Reply Affidavit of Yun Lin Chen in Further Support of Motion to Dismiss, sworn to on June 21, 2012.

[9] In fact, after the sale of Chinatown East to Beyond, it was explained to the employees that Yun Lin Chen and Jimmy Chen were no longer owners of Chinatown East, that Yu Zhen Li was the new owner and that Jessica Chen was elevated to management.  *See* Yun Lin Chen Reply Aff., ¶ 4; Reply Affidavit of Jimmy Chen in Further Support of Motion to Dismiss, sworn to on June 21, 2012 ("Jimmy Chen Reply Aff."), ¶ 4.  After the sale, and as previously referenced in the Yun Lin Chen Aff., the name of the restaurant was physically changed to Chinatown Restaurant and over $10,000.00 in renovations were conducted.  *See* Yun Lin Chen Reply Aff., ¶ 4.

Furthermore, Plaintiffs' vague and self-serving allegations concerning Xiang Lan Chen's dates of employment (*see* Pl. Br. at p. 9; Compl., ¶ 9) similarly do not establish that Yun Lin Chen was Xiang Lan Chen's employer, where he had no ownership in or managerial responsibility for Chinatown Restaurant during her employment.  *See* Yun Lin Chen Reply Aff., ¶ 7.[10]

Finally, Plaintiffs' spurious allegations concerning Xiang Lan Chen's inquiry regarding payment of taxes and subsequent firing (*see* Pl. Br. at p. 10; Compl., ¶¶ 56-58) are insufficient to overcome this motion to dismiss.   *See* Yun Lin Chen Reply Aff., ¶¶ 8-9.  Even if this story were true, which it is not, this does not make Yun Lin Chen an employer.  Thus, Plaintiffs fail to show that Yun Lin Chen was an employer after January 22, 2009.

### 2.      Jimmy Chen Was Not An Employer After January 22, 2009

Plaintiffs' allegations concerning Jimmy Chen's involvement in Chinatown East after the statute of limitations cutoff are even weaker.  *See* Pl. Br. at pp. 10-11.  Plaintiffs base their entire argument that Jimmy Chen was their employer post-February 14, 2009 on the fact that Jimmy Chen was present at the restaurant during Xiang Lan Chen's employment dates – dates which, as discussed above, are greatly exaggerated by Plaintiffs.  *See id.*[11]

In addition, just as Yun Lin Chen's previous status of owner/employer at Chinatown East did not make him an employer after the January 22, 2009 sale, neither does Jimmy Chen's previous status.  As discussed in the Jimmy Chen Reply Aff., for a short period of time after the

---

[10] Plaintiffs allege that Xiang Lan Chen was employed as a server at Chinatown East "from approximately January to March of 2009."  Compl., ¶ 9; *see also* Pl. Br. at p. 9.  In fact, Xiang Lan Chen was only employed by Chinatown East for a little over one week, from February 17, 2009 to February 28, 2009.  *See* Yun Lin Chen Reply Aff., ¶ 7, Ex. A.  However, even if Plaintiffs' allegations were true, this has no bearing on the fact that the Amor Defendants were not Plaintiffs' employers during the statute of limitations period.

[11] Plaintiffs' claims regarding Jimmy Chen's supervision of Mou Si Chen's work do not specify a time period (*see* Pl. Br. at p. 10) and Mou Si Chen admits that there came a time when Jimmy Chen's presence at Chinatown East diminished.  *See* Declaration of Mou Si Chen ("Mou Si Chen Dec."), ¶ 11, executed on May 31, 2012.

sale of Chinatown East to Beyond, Jimmy Chen was asked by the new owner and manager to assist at Chinatown Restaurant in order to fill gaps caused by his departure.  *See* Jimmy Chen Reply Aff., ¶ 5.  He did not receive any monetary remuneration for his assistance.  *See id.* During that period of time, Jimmy Chen would occasionally provide advice to Jessica Chen on how best to run the restaurant based on his previous experience.  *See id.*, ¶ 6.  In addition, when he was present at the restaurant and saw that the cashiers were particularly busy, he helped them distribute tips.  *See id.*  Notwithstanding his occasional assistance during this transitional period, Jimmy Chen did not have any ownership interest in or managerial responsibility for Chinatown Restaurant after January 22, 2009, and never had any ownership interest in or managerial responsibility for Beyond.  *Id.*, ¶ 7.  After January 22, 2009, he did not have the power to hire or fire Chinatown Restaurant employees, determine their rates and methods of compensation, maintain employee records, or set employee work schedules or terms and conditions of employment.  *Id.*  Thus, Jimmy Chen did not employ Plaintiffs after January 22, 2009.

### 3.     Amor Was Not An Employer After January 22, 2009

Finally, Plaintiffs make much of the fact that while Amor sold Chinatown East to Beyond on January 22, 2009, Amor was not dissolved until August 25, 2009.  *See* Pl. Br. at p. 11.  This does nothing, however, to establish that Amor continued to own and operate Chinatown Restaurant, where the moving papers definitively show that: (a) Amor and Beyond are two separate and distinct corporate entities with completely different shareholders and officers; (ii) the sale of Chinatown East from Amor to Beyond was a legitimate business transaction; and (iii) Yun Lin Chen and Jimmy Chen had no ownership or involvement in Beyond.  *See* Moving Br. at pp. 2-6.

Claiming that the Amor Defendants' argument that there is no successor liability in this case is "irrelevant" (*see* Pl. Br. at p. 11, n. 4), Plaintiffs merely seem to suggest that the Amor

Defendants were employers during the statute of limitations period, regardless of the January 22, 2009 sale, simply because they owned Chinatown East at one time. This does not in any way negate, however, the Amor Defendants' showing that Amor and Beyond are two separate and distinct corporate entities, or that the sale of Chinatown East was a legitimate business transaction. (*See* Moving Br., at pp. 8-14.)

In addition, dissolution of a corporation is not an instantaneous process. *See* "Instructions for voluntary dissolution of a New York corporation," *available at* http://www.tax.ny.gov/bus/doingbus/tr125.htm. It involves multiple steps including filing a final tax return, paying any past-due taxes and any taxes due for the part of the final year of the corporation's existence, obtaining written consent from the New York State Department of Taxation and Finance and filing a Certificate of Dissolution along with filing fees with the Department of State. *See id.* Only then will the Department of State issue a filing receipt establishing the date that the corporation's existence came to an end. *See id.* Thus, the short period of a few months' time between Amor's sale of Chinatown East and Amor's dissolution is insignificant and irrelevant to the question of whether Amor owned and operated Chinatown East after February 14, 2009.[12]

## II. EQUITABLE TOLLING IS AN EXTRAORDINARY REMEDY, THE APPLICATION OF WHICH IS NOT WARRANTED IN THIS CASE

Failing to show that their claims against the Amor Defendants are not time-barred, Plaintiffs argue that their claims should be equitably tolled because the Amor Defendants did not inform Plaintiffs of their rights under the FLSA. *See* Pl. Br. at pp. 12-13. Equitable tolling, however, is "a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely

---

[12] Furthermore, as discussed above, Jimmy Chen's stopgap measures during the transitional period do not establish that the Amor Defendants continued to own Chinatown East.

common state of affairs." *Edwards v. City of New York*, No. 08 Civ. 3134 (DLC), 2011 WL 3837130, at *5 (S.D.N.Y. Aug. 29, 2011) (*citing Wallace v. Kato*, 549 U.S. 384, 396, 127 S.Ct. 1091 (2007)).  *See also Zerilli-Edelglass v. New York City Transit Auth*., 333 F.3d 74, 80 (2d Cir. 2003) (citation omitted) (equitable tolling should only be applied "in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights"); *Patraker v. Council of Env't of New York City*, No. 02 Civ. 7382 (LAK), 2003 WL 22336829, at *1 (S.D.N.Y. Oct. 14, 2003) ("The doctrine [of equitable tolling], is exceedingly narrow.").  Equitable tolling "is generally considered appropriate in situations where the complainant has 'actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Jacobsen v. The Stop & Shop Supermarket Co*., No. 02 Civ. 5915(DLC), 2004 WL 1918795, at *3 (S.D.N.Y. Aug. 27, 2004) (*quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453 (1990)).

In *Copantitla v. Fiskardo Estiatorio, Inc*., 788 F. Supp.2d 253, 318-19 (S.D.N.Y. 2011), the court considered whether the employer's failure to notify employees of their rights under the FLSA was a sufficient basis for tolling.  The court held:

> Here, plaintiffs' arguments are based on defendants' failure to make an "effort to provide [plaintiffs] with notice." (Pls.' Opp'n at 50.) Under such circumstances, equitable tolling is not warranted, as "[t]here is no allegation that defendants engaged in anything more, e.g., some sort of deception." *Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08 Civ. 3725(DC), 2010 WL 4159391, at *1 (S.D.N.Y. Sept. 30, 2010).  As such, "the circumstances are not extraordinary and equitable relief is not warranted." *Id.* (*citing Amendola v. Bristol–Myers Squibb Co*., 558 F. Supp.2d 459, 479 (S.D.N.Y. 2008)).

*Copantitla*, 788 F. Supp.2d at 319.  *See also Lanzetta v. Florio's Enters., Inc*., 763 F. Supp.2d 615 (S.D.N.Y. 2011) (holding that experienced restaurant worker who acquiesced to employer's

compensation arrangement could not show she was unaware of the existence of her claims even where employer failed to provide notice required by the FLSA); *Patraker*, 2003 WL 22336829, at *1-2 (Employer's alleged failure to inform employee of his entitlement to overtime pay did not equitably toll statute of limitations on employee's claim for recovery of overtime pay under the FLSA and New York Labor Law; such failure would not be extraordinary, "as it would be a rare employer who failed to pay overtime but announced to its employees that they were entitled to overtime compensation.").

The facts in the instant case similarly do not warrant such an extraordinary remedy. While Plaintiffs have alleged that there were no notices posted in the restaurant concerning the minimum wage and overtime laws[13] and that they did not receive paystubs (*see* Pl. Br. at p. 13; Compl., ¶¶ 77-81; Mou Si Chen Dec., ¶¶ 12-13; Xiang Lan Chen Dec., ¶¶ 13-14), there are no allegations that the Amor Defendants' behavior was deceptive, or that Plaintiffs were tricked by the Amor Defendants into allowing their filing deadline to pass.  Moreover, Plaintiff Xiang Lan Chen alleges that she made a request that Chinatown Restaurant pay taxes to the government on her behalf (*see* Compl., ¶ 56, 113; Xiang Lan Chen Dec., ¶ 7) and, notably, her declaration does not state that she did not know about her rights under the wage and hour laws.  *Compare* Mou Si Chen Dec., ¶ 13 *with* Xiang Lan Chen Dec., ¶ 14.  Thus, Plaintiff Xiang Lan Chen's own allegations demonstrate that she had knowledge of her claims, undermining her request for equitable tolling.

---

[13] Notably, Plaintiffs merely state that they never saw such notices, not that the notices were not in fact posted.  *See* Mou Si Chen Dec., ¶ 13; Declaration of Xiang Lan Chen ("Xiang Lan Chen Dec."), ¶ 14, executed on May 31, 2012.  Similarly, Plaintiffs only allege in the Complaint that there were no such notices "[u]pon information and belief."  *See* Compl., ¶ 79.  As established by the Yun Lin Chen and Jimmy Chen Reply Affidavits, state and federal notices stating employees' rights to receive the minimum wage and overtime pay were posted in both English and simplified Chinese at Chinatown East during Amor's ownership and remain in place to this day.  *See* Yun Lin Chen Reply Aff., ¶ 3; Jimmy Chen Reply Aff., ¶ 3.

The cases cited by Plaintiff are inapposite.  *See* Pl. Br. at pp. 12-13.  In *Ramirez v. Rifkin*, 568 F. Supp.2d 262, 269-70 (E.D.N.Y. 2008), the court observed that the issue of whether the failure to disclose or post a notice warranted equitable tolling has not been addressed by the Second Circuit, and did not render a decision on the issue.  Similarly, the courts in *Sexton v. Franklin First Fin., Ltd.*, No. 08 Civ. 04950, 2009 WL 1706535, at *16 (E.D.N.Y. June 16, 2009) and *Ramirez v. CSJ & Co.*, No. 06 Civ. 13677(LAK), 2007 WL 1040363, at *3 (S.D.N.Y. Apr. 3, 2007) did not in fact decide the issue.

In addition, *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp.2d 240, 255, 259, 262,  (S.D.N.Y. 2008) is distinguishable because plaintiffs in that case were able to demonstrate the requisite unusual circumstances warranting equitable tolling.  There, defendants took extreme measures to deprive employees of notice of their rights, including, *inter alia*, firing employees who would not sign waivers of claims and deliberately destroying data reflecting deliveries that could have provided guidance as to hours worked by deliverymen.  *See id.*  As discussed above, there are no such unusual circumstances here, nor have such circumstances been alleged.  Plaintiffs' remaining case law citations do not relate to FLSA claims.  *See* Pl. Br. at p. 13.

## III.   PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO WITHSTAND A MOTION TO DISMISS, LET ALONE SUMMARY JUDGMENT

Plaintiffs argue that if the instant motion is treated as a motion for summary judgment, it should still be denied because: (a) there are genuine issues of material fact; and (b) Plaintiffs have not had the opportunity to conduct discovery.  *See* Pl. Br. at pp. 14-18.

As a preliminary matter, and as discussed above, the issues raised in the Amor Defendants' moving papers can be properly dealt with by a Rule 12(b)(6) motion and conversion to summary judgment is unnecessary.  *See* Point I, *infra*.   First, resolution of a statute of limitations defense by motion to dismiss is entirely appropriate, where, as here, it is evident from

the face of the Complaint, and the documents upon which the Complaint relies, that the relief sought is time-barred.  *See id.*  Second, the Amor Defendants' affidavits and exhibits, evidencing that ownership of Chinatown East was transferred from Amor to Beyond, two distinct companies with different owners and management, have been appropriately submitted along with the instant motion to dismiss, because Plaintiffs' claims are predicated on documents they did not attach. *See id.*; Moving Br. at p. 8 and authorities cited therein.

       **A.**      **Plaintiffs' Conclusory Allegations Are Insufficient To Withstand A Motion for Summary Judgment Where It Is Evident From The Face Of The Complaint, And The Documents Upon Which The Complaint Relies, That Their Federal Claims Are Time-Barred**

As discussed at length above, Plaintiffs' vague and conclusory allegations regarding the Amor Defendants' involvement in Chinatown Restaurant post-February 14, 2009 are insufficient to survive this motion to dismiss, let alone summary judgment.  *See infra* pp. 3-7.  Plaintiffs' allegations concerning Yun Lin Chen's involvement in Chinatown Restaurant post-February 14, 2009 are entirely consistent with Yun Lin Chen's sworn testimony that he was employed by Chinatown Restaurant at that time to oversee deliveries, but no longer had any managerial responsibility or involvement.   *See* Point I, B, 1, *infra*.  Plaintiffs' allegations concerning Jimmy Chen's involvement in Chinatown Restaurant post-February 14, 2009, do not establish that he was Plaintiffs' employer at that time but rather, as his sworn testimony confirms, that he provided advice and temporarily filled gaps caused by his departure at the request of the new owner and manager, Yu Zhen Li and Jessica Chen.  *See* Point I, B, 2, *infra*.  Finally, the dissolution of Amor on August 25, 2009, simply confirms that shortly after the sale of Chinatown East, Amor was dissolved.  *See* Point I, B, 3, *infra*.

**B.**     **Plaintiffs Are Not Entitled To Discovery Where It Is Evident From The Face Of The Complaint, And The Documents Upon Which The Complaint Relies, That Their Federal Claims Are Time-Barred**

Plaintiffs should not be allowed to conduct discovery where they have failed to state a claim that is timely.  The "purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." *Stoner v. Walsh*, 772 F. Supp. 790, 800 (S.D.N.Y.1991); *accord Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *2 (S.D.N.Y. Jan. 18, 2000) (*quoting Stoner*); *Salvatore v. KLM Royal Dutch Airlines*, No. 98 Civ. 2450(LAP), 1999 WL 796172, at *13 (S.D.N.Y. Sep 30, 1999) (same).  *See also Jones v. Capital Cities/ABC Inc.*, 168 F.R.D. 477, 480 (S.D.N.Y. 1996) (a "defendant has the right ... to challenge the legal sufficiency of the complaint's allegations against him, without first subjecting himself to discovery procedures") (citation omitted); *Abrahams v. Young & Rubicam*, 979 F. Supp. 122, 129 (D. Conn. 1997) (plaintiff who did not sufficiently allege that claim was within statute of limitations was not entitled to conduct discovery); *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("discovery should follow the filing of a well-pleaded complaint" and "is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim").

Here, it is evident from the face of the Complaint, and the documents upon which the Complaint relies, that the Amor Defendants sold Chinatown East to Beyond before the statute of limitations cutoff of February 14, 2009.  Plaintiffs are not entitled to conduct discovery where their Complaint against the Amor Defendants is untimely on its face, and the Amor Defendants should not be subjected to the costs of discovery to show that which has already been established.

**CONCLUSION**

For all of the foregoing reasons, as well as those set forth in their Moving Brief, the

Amor Defendants respectfully request that this Court grant their Motion to Dismiss the

Complaint as against the Amor Defendants.

Dated:  June 22, 2012
        New York, New York

Respectfully submitted,

MOSES & SINGER LLP
*Attorneys for the Amor Defendants*


_____s/ David B. Feldman_____
David B. Feldman (DF6547)
Shari A. Alexander (SA0615)
The Chrysler Building
405 Lexington Avenue, 12th Floor
New York, NY 10174-1299
212-554-7635 (telephone)
212-377-6068 (facsimile)
dfeldman@mosessinger.com
salexander@mosessinger.com